### KIERNAN v. BLACKWELL, Adm'r., et al.

EQUITY PRACTICE—*When demurrer considered waived.*—Where a cause has proceeded to final adjudication, without judgment of the court upon demurrer filed in same, the demurrer will be considered to have been waived.

EXECUTORS—*What interest in intestates' lands.*—The executor has no interest in the lands of an intestate or control over them, save as it may be necessary to subject them to the payment of general creditors.

PURCHASERS—*When not relieved in equity.*—When the purchase money or notes, given for the purchase of land, have not been fully paid off, the purchaser can have no relief, in a court of equity, in seeking a decree for title.

FORECLOSURE—*Who necessary parties.*—It is error to render a decree for the sale of lands, or foreclosure for the purchase money, without making the heirs at law of the deceased vendee, parties defendant.

CHANCERY—*Should notice defect in parties.*—Where the heirs at law of a deceased vendee are not made parties defendants to a bill seeking a sale of land or foreclosure for purchase money, the court below, on its own motion, should notice this defect of parties; and this court, in chancery, will protect the estate and heirs at law, who are not made parties, whether the objection is or is not made.

APPEAL FROM JEFFERSON CIRCUIT COURT.

HON. WILLIAM M. HARRISON, *Circuit Judge.*

*Watkins & Rose,* for Appellant.
*Bell & Carlton and Garland & Nash,* for Appellees.

WARWICK, *Spec. Sup. Judge.*—At the spring term 1867, of the Jefferson Circuit Court, Milley E. Blackwell, administratrix of the estate of James J. Blackwell, deceased, filed her bill of complaint, in chancery, against Bedelia F. Kiernan, Peter A. Finnerty and Anthony A. C. Rogers, complaining and representing that, on the 23d of December, 1859, her intestate purchased of said Bedelia F. Kiernan, certain lands, lying in the county of Jefferson, for which, by written contract, he was to pay her 113,000 pounds of cotton; that he executed to said Bedelia F. his four several bonds, in which he bound himself to deliver to her, or her agent, in the town of Pine Bluff, on the first day of January, 1861-2-3 and 4,

sixty-three averaged sized bales of cotton, of the aggregate weight of 28,350 pounds. That by written contract, under seal, between said intestate and said Bedelia F., a lien was retained on the lands for the purchase money, " as will more fully appear by reference to a certified copy of the deed, signed by Bedelia F., and the said James J. Blackwell, herewith filed and marked Exhibit " A," which exhibit is not in the record. The bill further avers that the first three writings obligatory were fully paid off and discharged by her intestate, and herself as the administratrix; that the fourth is in the hands of A. A. C. Rogers.

The bill then charges that the land did not belong, in point of fact, to Mrs. Kiernan, but to Peter Finnerty and were held by her to defraud the creditors of said Finnerty, and that said Finnerty pretended to, and did act, and was the agent of Mrs. Kiernan, and had power of attorney to receive the said cotton for her.

We do not conceive said Finnerty as having any interest in this suit, or a necessary party, and is not to be considered, except as the record shows him to have been the agent of Mrs. Kiernan.

The bill avers that the said Peter A. was the person from whom, on *final payment*, a deed should have been received, but does not aver any legal title in him to convey. The complainant avers payment of the last or fourth bond to Finnerty, as agent of Mrs. Kiernan, by receipt of cotton, at the gin house of complainant. The prayer of the bill is, that the bond in the hands of Rogers be cancelled, and that the said Kiernan, Finnerty and Rogers be divested of all title and interest in said lands, and the same be vested in the heirs of said Blackwell deceased, and other proper relief. At the fall term Messrs. Bell & Carlton, attorneys, entered the appearance of all of said defendants, (Kiernan, Finnerty and Rogers,) and filed a demurrer to the bill. This cause having proceeded to a final adjudication, without judgment of the court on demurrer, it must be considered to have been waived and cannot now be considered by this court.

At the same term, Rogers, by Bell & Carlton, his attorneys, filed his answer, admitting the purchase of the land; denying all knowledge of the payment of the three first bonds, and avering the fourth to be in his possession, and his property, and that he had brought suit to recover the same, in the Jefferson Circuit Court, denying that it (the first) had ever been paid.

Mrs. Kiernan filed her answer and made it a cross-bill against Mrs. Blackwell and Rogers, claiming the third and fourth bonds to be outstanding, unpaid and her property and, without making the heirs at law of James Blackwell, deceased, parties, prays that the amount due her be ascertained, and the same declared a lien on the lands, for foreclosure, etc. Rogers answered the cross-bill of Mrs. Kiernan, and in turn made it a cross-bill against Mrs. Blackwell and Mrs. Kiernan, claiming to own the fourth bond by purchase, etc., and without making the said heirs parties, he prays that it be ascertained what amount is due him on the said fourth bond; that it be declared a lien, and for foreclosure, etc. This is all of the pleadings that we deem it necessary to notice.

On the foregoing pleadings, testimony was introduced, which in the view of the case we have taken, need not be noticed. On the final hearing, the court found in favor of Rogers, on the fourth bond, due the 1st of January, 1864, and that there was due on the same $4000; declared the same to be a lien on the lands and ordered foreclosure and sale of the lands to pay the amount so found due.

We observe first: that on the final hearing at least a portion of the original purchase money was unpaid; hence Milley E. Blackwell could not have the relief she prayed for. Second: that neither Mrs. Kiernan or Rogers who, both claiming relief against the land for purchase money, do not make the heirs at law of James J. Blackwell, deceased, parties defendant, but proceed alone against the administratrix, and the court, without having them brought in, renders a final decree against Mrs. Blackwell, as administratrix, and

declares the sum found, due Rogers, a lien on the land and orders its sale. That in a proceeding to foreclose a mortgage or vendor's lien on lands, the heirs at law are necessary parties, without whom no final decree can be entered, seems to us not to require discussion.

The executor of an estate has no interest in the lands of an intestate, and no control over them, save as it may be necessary to subject them to the payment of general creditors. It was the duty of the chancellor, in the court below, to have noticed the defect of parties on his own motion; it is equally our duty in chancery to protect the estate and heirs at law, who are not made parties, whether the objection is or is not made.

The court erred in rendering a decree for the sale of the lands, without requiring the heirs at law of James J. Blackwell, deceased, to be made parties defendant. We cannot pass this case without noticing at least one point in the record, complained of by appellant. On the trial of the cause, the written statement of one Brewer, not under oath, was read in evidence, under an agreement signed by the attorneys for Mrs. Blackwell and Rogers, and against the objections of solicitors for Mrs. Kiernan. This statement was wholly against the interest of Mrs. Kiernan, and we know of no rule by which this statement could be considered as evidence against the objection of Mrs. Kiernan. The notes not having been fully paid, Mrs. Blackwell, the original complainant, could have no relief; the heirs at law of James J. Blackwell, deceased, not having been made parties, neither Mrs. Kiernan or Rogers could have had foreclosure. The court should have dismissed the original bill of Mrs. Blackwell, and also the cross bill of Mrs. Kiernan and Rogers. For these reasons, the decree of the court below is reversed, and the said original bill of Mrs. Blackwell, the cross-bill of Mrs. Kiernan, the cross-bill of A. A. C. Rogers, are severally dismissed without prejudice to the rights of either. Ordered by the court, that each of the several parties pay their own costs.