## REED AND WIFE VS. ASH AND WIFE.

1. DOWER:  *Widow may relinquish.*
   Though a widow cannot transfer her dower before assignment, she may relinquish to one holding the legal title.
2. ADMINISTRATOR:  *When his interest in the land of his intestate ceases.*
   Where the records of the Probate Court show that there are no debts against an estate, and the administration has been practically closed and dropped from the probate records, but no formal order entered discharging the administrator, he has no such contingent interest in the lands of the intestate as will affect the title of the heirs at law.

APPEAL from *Pulaski* Chancery Court.

Hon. JOHN R. EAKIN, Chancellor.

*Benjamin and Barnes,* for appellant.

Striking the case from the docket of the Probate Court was no settlement of the administration. Gantt's Digest, secs. 136 to 141.

Widow cannot convey her dower interest until assigned. *Carnall* v. *Wilson,* 21 Ark., 63; *Jacobs* v. *Atkins,* 14 Mass., 378; *Wallace* v. *Hall,* 19 Ala., 372; *Pennington* v. *Yell,* 11 Ark., 212; *Graham* v. *Moore,* 5 How. (Del.), 318; *Nason* v. *Allen,* 5 McC., 479.

*John Fletcher,* for appellees.

Our statute does not change the common law rule that on the death of the ancestor lands vest in the heir, at least only *sub modo,* for payment of debts. *Hills, adm'r,* v. *Mitchell, et al.,* 5

Ark., 608; *Menifee's Adm'r* v. *Menifee*, 8 ib., 9; *Carnall, adm'r,* v. *Wilson,* 21 ib., 63; *Kiernan* v. *Blackwell, adm'r, et al.,* 27 ib., 235.

There were no debts, and there was ample personal estate. No occasion to apply to the Probate Court for sale, and no authority to order it. Gantt's Digest, secs. 168–170.

Vendee cannot resist payment of purchase money on account of apprehended defect of title. *Bolton* v. *Branch,* 22 Ark., 438; *Worthington* v. *Curd,* ib., 277; *Walker* v. *Towns,* 23 Ark., 147– 150.

Dower does not become a vested estate until assignment. 2 Scribner on Dower, p. 26-37. It cannot be conveyed to a stranger but may be released to one having legal title. Ib., 40 *et seq.* In equity a contract for transfer of dower will be enforced. Ib., 43.

The mistake in the *Christian* name of the vendee cannot affect the deed. 3d Wash. on R. Prop., 239.

No fraud specifically alleged nor shown. *Yeates* v. *Pryor,* 11 Ark., 66; *Seaburn* v. *Sutherland,* 17 Ark., 603; *Johnson* v. *Walker et al.,* 25 Ark., 196.

HARRISON, J.:

This was a suit by Jacob Ash and Sarah B. Ash, his wife, against Moses Reed and M. G. Reed, to enforce a lien on land for the payment of a note given for purchase money, reserved in the deed of conveyance.

The complaint alleged : . That the plaintiffs and W. N. Slack and Sarah A. Slack, his wife, on the 1st day of November, 1871, sold to the defendant M. G. Reed certain lots, in the city of Little Rock, for the price of $8,000; that $2,000 were paid in cash, and for the remainder the said M. G. Reed and the defendant, Moses Reed, executed to the plaintiff, Sarah B. Ash, their three promissory notes of that date, for $2,000 each, payable respectively January 1st, 1872, November 1st, 1872, and November 1st,

1873, with ten per cent. interest from date until paid. That the plaintiffs and said W. N. Slack and Sarah A. Slack at the same time executed to said M. G. Reed a deed of conveyance for the lots, but reserving therein a lien for the payment of the notes, which deed was acknowledged and recorded.

That the defendants had paid the first two notes, but that falling due on the 1st day of November, 1873, then past, was still unpaid, and that they were in possession of the lots.

The defendants in their answer admitted all the allegations of the complaint. But they averred that the plaintiffs never had any title to the lots; that they belonged to John M. Ross at the time of his death, whose widow the said Sarah B. Ash was; that Ross died intestate, and that said Jacob Ash was the administrator of his estate, which had never been settled.

That at the time of the purchase the plaintiffs fraudulently represented to the defendants that they had a good fee simple title, and that, confiding in their representations, they had paid them the $6,000. That Jacob Ash conveyed the lots in his own right, and not in his capacity of administrator and without any order or authority of the Probate Court, and that Sarah B. Ash only relinquished her dower; and they averred that the plaintiffs were insolvent.

They made their answer a cross complaint, to which they made Slack and wife also defendants, and prayed that the plaintiffs and Slack and wife be required to make said M. G. Reed a good and sufficient title to the lots, or, in default, that the contract of purchase be rescinded, and the plaintiffs compelled to refund to them the $6,000 they had paid, with interest, etc., and that, after deducting the rents and profits during the time the defendants had been in possession, the balance due them be declared a lien on the lots, and for a sale thereof.

The plaintiffs answered the cross complaint, and admitted that the lots belonged to John M. Ross at the time of his death; that he died intestate; that Sarah B. Ash was his widow, and that Jacob Ash was appointed his administrator; but they denied that the administration was still unsettled and said that said Jacob Ash was administrator on the 14th of July, 1858; that no demands had ever been exhibited against the estate; and although the administration had not been formally discharged by order of the court, it had been virtually long since closed and dropped from the records of the court.

They denied that they made any fraudulent representations to the defendants, but averred that the defendants had a full understanding and knowledge of the title, and that the said Sarah A. Slack was the sole heir of John M. Ross, and that the plaintiff, Sarah B. Ash, was his widow, which facts the defendants well knew; and they averred that their deed did convey to them a good and sufficient title in fee simple.

Slack and wife also answered the cross complaint, and their answer was substantially the same as the plaintiffs'.

The cause was heard upon the pleading, and an admission of record that Sarah A. Slack was the sole heir of John M. Ross, and a transcript of the Probate Court in the matter of the administration of John M. Ross' estate. The court dismissed the cross complaint for want of equity, and upon the original complaint decreed a foreclosure of the lien and a sale of the lots. The defendants appealed.

It was proven by the record from the Probate Court that there were no debts against Ross' estate, and that Jacob Ash became administrator thereof on the 14th day of July, 1858, and that the administration had been, since 1872, dropped from the records of the court. It is therefore apparent that the administrator if the administration might be considered as still opened, had no contingent interest in the lots.

But it is insisted by the plaintiffs that there had been no assignment of dower to Mrs. Ash, and the conveyance or release of her interest was for that reason inoperative, and her dower is still outstanding, and we are referred to the case of *Carnall, adm'r* v. *Wilson*, 21 Ark., 63. No question as to the assignment of the dower was raised by the pleadings, and no evidence in regard thereto was before the court, but if there had been, such a question would have been wholly immaterial, for the case referred to is an authority directly in point, that though a widow may not transfer her dower before assignment, to a stranger, she may relinquish it to one holding the legal title.

By the deed from Mrs. Slack and her husband, the appellants, M. G. Reed became seized of the legal title, and by Mrs. Ash and her husband joining with them in the deed, her dower, whether assigned or not, was relinquished. *Stedham and wife* v. *Mathews et al.*, 29 Ark., 650 ; 2 Scrib. on Dower, 40, *et seq.*

The decree of the court below is affirmed.