Mays v. Rogers, Ad

MAYS v. ROGERS, AD.

1. ADMINISTRATION:. *Illegal allowance of claim.*
   Illegality in the allowance of a claim in the Probate Court cannot be set up in a collateral proceeding.
2. STATUTE LIMITATIONS: *None against Probate Court allowances; Revivor of.*
   There is no Statute bar against the enforcement of Probate Court allowances; and there is no necessity or occasion for reviving them.
3. ADMINISTRATION: *Application to sell lands for payment of debts must be in reasonable time.*
   The charge upon the real estate of a decedent, for the payment of his debts, is not perpetual. Application to sell lands must be made in a reasonable time, to be determined by the Court under the circumstances of the case. A delay for ten years after the grant of administration, without showing any hinderance or proper cause for it, is unreasonable, and discharges the lien upon the real estate
4. SAME: *Ordering more land sold than prayed for, error.*
   It is error for the Probate Court to order more land to be sold for payment of debts than is prayed for in the petition.

APPEAL from *White* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

STATEMENT.

On the sixteenth of January, 1879, T. J. Rogers, as administrator, *d. b. n.*, of the estate of Thomas G. Mays, deceased, filed in the Probate Court of White county his petition, alleging that the personal assets of the estate were entirely exhausted, leaving the following debts unpaid, to-wit:

| | |
|---|---|
| Account of T. J. Rogers...................... | $ 60 45 |
| Interest at 6 per cent., from April 30, 1860..... | |
| Judgment of T. J. Rogers...................... | 242 90 |
| Interest at 10 per cent., from April 30, 1860..... | |
| Account of B. M. Jones ...................... | 14 75 |
| Interest at 6 per cent., from April 30, 1865..... | |
| Amount due administrator upon last settlement.. | 43 75 |

That he had before obtained an order of said court for the sale of certain lands of the deceased in said county (describing them), for the payment of said debts, and had several times offered them for sale, but had not been able to sell them at any price. That the deceased owned certain described town lots, in the town of Searcy, which had been allotted to his widow as dower; and he prayed for an order to sell the reversionary interest in said lots for the payment of said debts.

On the same day Annie Mays, the daughter and only heir of the deceased, appeared and filed her answer and objections to such order, setting up that her father died on the sixth day of February, 1860; that on the eleventh day of February, 1860, W. A. Old was appointed and qualified as administrator of his estate; that divers claims were probated against said estate, all of which had been paid except the claims set forth in said petition. That the petitioner was appointed as administrator, *de bonis non*, on the eleventh day of February, 1867, in place of Old, who had died, and should long before have obtained an order to sell, and sold the lands of the estate for the payment of the debts when they were valuable; but he had delayed until real property had become of little or no value. That the claim of $14.75 due to Jones was barred by the Statute of non-claim, when it was classed in the Probate Court. That all the claims set forth in the petition were Probate Court judgments—more than ten years old—had never been revived, and were barred by the Statute of Limitations. That no order or decree of any court had been made within ten years for the sale of said lands for the payment of said claims. That there was no legal and unsatisfied debt against the estate, except said sum of $43.75, due said administrator upon his last settlement, and that she was willing and offered to pay. The answer closed with a prayer that the petition be denied

and the petitioner be required to make final settlement of the estate, and turn over the property to her.

The administrator demurred to this answer; the demurrer was overruled, and he appealed to the Circuit Court, where the demurrer was sustained, and the order of sale prayed for was granted. The defendant appealed.

*B. D. Turner*, for appellant:

I. Jones' claim, not having been exhibited within two years, was barred.

II. An administrator must file annual accounts current, and make final settlement within three years from date of letters. *Secs.* 121, 198 *Gantt's Dig.* Appellee did neither. His letters should have been revoked. *Sec.* 141 *Ib.; North Prob. Prac.*, sec. 544.

III. The allowance and classification of a claim is in effect a judgment. *Gantt's Dig.*, sec. 113; *Biscoe v. Butts*, 5 *Ark.*, 305; *Dooly v. Watkins*, 26 *Ark.*, 705; *Wilson v. Harris*, 13 *Ark.*, 589; and ten years having elapsed, the claims are barred. *Gantt's Dig.*, secs. 2609, 4128; *Brearly v. Norris*, 23 *Ark.*, 169. After ten years the presumption of payment would arise. *Wilson v. Harris*, 13 *Ark.*, 562.

Claimants should have revived by *sci. fa.* within ten years; not having done so, they are barred. *Brearly v. Norris*, 23 *Ark.*, 169, 172.

IV. The lien of a creditor is not perpetual, but is lost by gross laches, or unreasonable delay. *North Prob. Prac.*, sec. 445; *Vansyckle v. Richardson*, 13 *Ill.*, 171; *Allen, ex parte*, 15 *Mass.*, 59.

In this State, as in Illinois, there is no Statute declaring how long such liens may continue, but the application of an administrator to sell lands to pay debts must be a timely

one. *North Prob. Prac.*, sec. 445, p. 212; *McCoy* v. *Morrow*, 18 *Ill.*, 519; *Rover on Jud. Sales, sec.* 254; *Moore* v. *White*, 6 *John. Ch'y.*, 376; *Richards* v. *Williams*, 7 *Wheat.*, 59, 115; *Smith* v. *Dalton*, 4 *Shep.*, 308; *Langworthy* v. *Baker*, 23 *Ill.*, 448.

Orders of sales and sales thereon, after an unreasonable length of time, are void. *Rover on Jud. Sales*, sec. 256, p. 100; *Ib.*, sec. 254, p. 49; *Langworthy* v. *Baker. sup.*; *Moore* v. *White, sup.*; *Jackson* v. *Robinson*, 4 *Wend.*, 436, 442.

V.   No description was given of the lands in the notice. *Sec.* 176 *Gantt's Dig.*; *North Prob. Prac.*, sec. 468, p. 224; *Rover on Jud. Sales*, sec. 28 p. 16; *McCoy* v. *Morrow*, 18 *Ill.*, 509.

*W. R. Coody*, for appellee:

The allowance of a claim against an estate is not a judgment. *Ware* v. *Pennington*, 15 *Ark.*, 226; *Gantt's Dig.*, 113. Such allowance cannot be made the grounds of *an action*, and *Sec.* 4128 *Gantt's Dig.* has no application. Having the *force and effect* of a judgment, by *Sec.* 113 *Gantt's Dig.* already, no greater force could be given by another action or judgment.

A proceeding to sell real estate by an administrator to pay debts is *no action*, nor an independent proceeding. It is *simply a continuance of the same proceedings*—a part of the same administration begun when the letters were granted, and must continue until wound up. *Hence, there is no room for any limitation*, and like a *sci. fa.* to revive, no limitation can be set up again. it. *Brown, Robb & Co.* v. *Byrd*, 10 *Ark.*, 534; *Bettison* v. *Byrd*, 11 *Ark.*, 480; *Evans* v. *White*, 12 *Ark.*, 133; 23 *Ar.*, 322 and 174.

Mays v. Rogers, Ad.

HARRISON, J. The Statute of non-claim was suspended during the war. *Williamson et al* v. *McCrary, ad.*, 33 *Ark.*, 470. The claim of Jones was, therefore, presented in due time; yet if it had not been, the allowance of it could not be called in question in a collateral proceeding. *Carter, ad.*, v. *Engles*, 35 *Ark.*, 205; *Montgomery and wife* v. *Johnson*, 31 *Ark.*, 74, and cases there cited.

Under our system of administration there can be no necessity or occasion for the revival of allowances. *Gantt's Dig.*, secs. 142–147; *Rose* v. *Thompson*, 36 *Ark.*, 254.

And as payment of claims can be enforced only as directed by the Statute, and after the court has found, upon a settlement of the administrator, that there is money in his hands for the payment of them, and has ordered their payment in full, or *pro rata*, as it shall suffice, the allowances cannot be barred by the Statute of Limitations. *Gantt's Dig.*, secs. 142–147.

The lands and tenements of which an intestate has died, siezed, are, by the Statutes, made assets in the hands of his administrator for the payment of his debts, and in case of a deficiency of the personal estate, may, under an order of the court, be sold for that purpose. But this charge upon the real estate is not a perpetual one, which may be enforced by the administrator after any lapse of time. The heirs should not be forever deterred from making improvements on the property, or prevented from selling it, by the possibility that it may be sold for the debts of the estate.

The power of the administrator must be exercised in a reasonable time, and will be lost by gross laches, or unreasonable delay. *Rorer on Jud. Sales*, secs. 254–257; *Vansyckle* v. *Richardson*, 13 *Ill.*, 171; *McCoy* v. *Morrow*, 18 *Ill.*, 519; *Heirs of Langworthy* v. *Baker*, 23 *Ill.*, 484; *Smith* v. *Dalton*, 16 *Maine*, 308; *Mooers* v. *White*, 6 *John.*

*Ch.*, 360; *Ricard* v. *Williams*, 7 *Wheat.*, 59; *Ex parte Allen*, 15; *Mass.*, 58; *Wellman* v. *Lawrence*, *Ib.*, 326.

What is such reasonable time must be determined by the court, in its sound discretion, under the circumstances of the case. *Mooers* v. *White, supra.*

This proceeding, to subject the lots to the payment of the debts of the estate, was not begun until eighteen years after the first grant of administration, and twelve after the appointment of the petitioner as administrator, *de bonis non*, and no attempt had been made by him for ten years to enforce the lien against any part of the real estate. It does not appear that any cause existed for this failure sooner to proceed against the real estate, and we are of the opinion that a delay for such a length of time as ten years, when there was no hinderance or proper cause therefor, was unreasonable, and that the lien on the real estate was thereby lost.

Another objection to the order is apparent upon its face. It included the tracts of land as well as the town lots, when the petition only prayed for the sale of the latter.

The judgment of the court below is reversed, and the cause remanded to it, with instructions to allow the petitioner to amend his petition, if so advised, and for further proceedings.