SCROGGINS ET AL VS OLIVER.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 1161).

1. *Infants—Complaint.*

Mansf. Dig. Ark. 1884, § 4955 (Ind. Ter. Ann St. 1899, § 3160)‛provides that guardian or next friend must bring action for an infant, and there is not a material substitution of one party plaintiff for another, where in the original complaint it is alleged that minor plaintiffs, sue by their next friend, A., guardian, and in the amended complaint by their next friend and guardian, A,

2. *Action by Heirs.*

In an action brought by heirs to recover realty which was part of estate inherited, deceased's administrator is not necessarily a plaintiff, but is only plaintiff when he is entitled to hold property to discharge debts against the estate.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, April 11, 1903.

Action by Lee Scroggins and others against L. C. Oliver. From an adverse judgment, plaintiffs appeal. Reversed and remanded.

February 24, 1902, Lee Scroggins, Columbus Scroggins, Frank Scroggins, and Anna Scroggins, minors, by Nettie Chandler guardian and next friend, and J. R. Chandler, administrator of the estate of Susan Scroggins, deceased, filed in the United States Court for the Southern District of the Indian Territory, at Pauls Valley, their complaint at law to recover of appellee, L. C. Oliver, certain lands described in the complaint, alleging, among other things, that all of the minors are members of the tribe of Chickasaw Indians by blood, and that L. C. Oliver is a citizen of the United States; and alleging said Oliver is notorious ly insolvent and unable to respond in damages to plaintiffs; and prayed that a receiver be appointed to take charge of the

premises sued for, to manage and control same during the final determination of the suit, to rent out the premises, collect the accrued and accruing rents thereon, and that upon final hearing plaintiffs have judgment for the possession of the premises, for damages, costs of suit, and all proper relief. To this complaint defendant, Oliver, filed an answer, in which he admits that Lee, Columbus, Anna, Frank and May Scroggins are members of the tribe of Choctaw Indians and are minors; denies that Nettie Chandler is their guardian, and that J. R. Chandler is administrator of the estate of Susan Scroggins, deceased; and alleging that defendant is owner of all the premises sued for except about 60 acres thereof, and is worth $5,000 outside of the property in litigation, over and above all legal liabilities, subject to the payment of any judgment that may be obtained against him. Counsel for both plaintiffs and defendant agreed that the cause might be referred to A. F. Pyeatt, Esq., as special master in chancery. The cause was referred to the said special master to hear evidence offered by the parties and report to the court his findings of the issue of defendant's solvency. April 14, 1902, the special master filed his report, in which he finds that defendant is insolvent. Exceptions to this report were filed by defendant, and the cause was re-referred to said special master to hear evidence offered by plaintiffs or defendant in support of or against the title or right of possession of the plaintiffs to the premises sued for, and that he report said findings to the court, together with the evidence considered by him. And May 28, 1902, the master filed his second report, wherein he found for the plaintiffs. Thereupon, on the 30th day of June, 1902, in chambers, at Ardmore, the judge of said court appointed Mount Morris as receiver to take charge of said premises, manage same, to look after them to best interests of all the parties, rent same to the best advantage, collect all accrued and accruing rents, and account to the court from time to time for all rents collected and for all acts pertaining to the management of said estate

subject to the order of the court. July 11, 1902, the receiver filed his report showing rents collected, etc.

April 11, 1903, the plaintiffs filed their first amended complaint at law, and, in addition to the allegations of the original complaint, alleged: "The plaintiffs, Lee Scroggins, Columbus Scroggins, Anna Scroggins, Frank Scroggins and May Scroggins, minors, who sue by their next friend and guardian, Nettie Chandler, joined by J. R. Chandler, as administrator of the estate of Susan Scroggins, deceased, complaining of the defendant, L. C. Oliver, would most respectfully represent and show to this court that the said minors are the children and heirs at law of Susan Scroggins, deceased, and that the said J. R. Chandler is the duly appointed, qualified, and acting administrator of the estate of the said Susan Scroggins, deceased; that on the ——— day of ——— he was duly appointed by this court as administrator of said estate, and subsequent thereto, and prior to the filing of this suit, he qualified as such administrator; that on the 18th day of November, 1902, he was duly appointed as administrator of said estate by the tribal probate and county court of Pontotoc county, Chickasaw Nation, Indian Territory, the same being the tribal court of said county, nation, and territory; that he has qualified as such administrator; and that said minors are all members of the tribe of Chickasaw Indians, and are duly enrolled as such," etc. To this amended complaint the defendants interposed general and special demurrers, among which they said: "Sixth. The defendant especially demurs to that part of plaintiff's complaint in which they seek to set up and rely upon his appointment as administrator by the Chickasaw Courts on the 18th day of November, 1902, because said amendment in effect substitutes a new party plaintiff in this action. The defendant further demurs to that part of the plaintiffs' complaint in which it is sought to substitute Nettie Chandler, as next friend of Lee Scroggins and May Scroggins, in lieu of Nettie Chandler, as guardian of all minor

heirs under and by virtue of the appointment of the United States Court, as alleged in plaintiffs' complaint; the resulted, said amended complaint being to substitute Nettie Chandler next friend, for Nettie Chandler as guardian.

The court overruled all the demurrers to the amended complaint except those quoted supra. These were sustained by the court. The plaintiffs declined to further amend, and the court thereupon rendered and caused to be entered judgment dismissing said cause from the docket of the court; directed the receiver within 15 days to redeliver the premises to defendant, and all moneys that may have come into his hands as such receiver, unless the judgment should be sooner superseded; and that plaintiffs pay all costs expended or incurred, awarding execution therefor, to which judgment plaintiffs duly excepted. April 11, 1903, plaintiffs prayed and were allowed an appeal from said judgment to the United States Court of Appeals in the Indian Territory. April 22, 1903, plaintiffs filed with the clerk of the court below their supersedeas bond, which was duly approved. Supersedeas was issued same day, and on next day was served on counsel for defendant, and said cause is brought to this court for revision and review. For the reversal of this cause the plaintiffs assign as errors committed by the court below upon the trial of the cause the following: First. The original complaint having alleged that that the plaintiffs, all minors, above mentioned, who sue by their next friend, Nettie Chandler, guardian, etc., the court below erred in finding that the amended complaint, by alleging that said minors sue by their "next friend and guardian, Nettie Chandler," was tantamount to changing the name of Nettie Chandler, as guardian," to "Nettie Chandler, as next friend," and for dismissing plaintiffs' complaint for that reason, inasmuch as the word "guardian" in both said complaints could have been properly treated as surplusage. Second. J. R. Chandler, as administrator of the estate of Susan Scroggins, deceased, under

appointment by the United States Court for the Southern District, having joined as party plaintiff in the original complaint, the court below erred in dismissing the amended complaint, because it showed, after the original complaint was filed, that he qualified as administrator in the tribal Probate Court in Pontotoc county, Chickasaw Nation, and in holding such additional allegation substitutes a new party plaintiff, inasmuch as Chandler, as administrator of said estate by appointment from either of said courts, was not a necessary and indispensable party plaintiff. Third. The court erred in holding that the appointment of J. R. Chandler as administrator of said estate, and Nettie Chandler as guardian of said minors by the United States Court of the Southern District of the Indian Territory was void, and that Chandler, by qualifying as administrator in the tribal court, could not prosecute said cause in that capacity because it amounted to inducting into the cause a new party plaintiff. All assignments of error will be considered together.

*Herbert, Walker & Cannon*, for appellants.

*Blauton & Andrews* and *Ledbetter & Bledsoe*, for appellee.

GILL, C. J. (after stating the facts as above). Chapter 119 of Mansfield's Digest of the Statutes of Arkansas of 1889 (Ind. Ter. Ann. St. 1899, c. 54), entitled "Pleading and Practice," was adopted and put in force in the Indian Territory by Act Cong. March 1, 1889, c. 333, § 6, 25 Stat. 784, and readopted by act of May 2, 1890, 26 Stat. p. 94, c. 182, § 31. Section 4955 of Mansfield's Digest of Statutes (Ind. Ter. Ann. St. 1899, § 3160), reads: "The action of an infant must be brought by his guardian or his next friend. Any person may bring the action of an infant as his next friend; but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant, or another person as the next friend." It is clear that Nettie Chandler, as next friend of the minor heirs of Susan Scroggins, deceased, could maintain

the action in ejectment against the defendant, and, as the original complaint states that "their next friend Nettie Chandler, guardian," sued, we submit the allegation in the amended complaint that she sued as their "next friend and guardian" did not constitute a material variance, and did not, as the learned court below held, substitute one party plaintiff for another, inasmuch as the court might well have held Nettie Chandler was not "guardian," and yet allow the suit to proceed in the names of the minors by Nettie Chandler as "next friend." Chandler, as administrator, was not · an indispensable nor a necessary party plaintiff in the action to recover the realty. The only case in which the administrator in a suit to recover realty is a proper party plaintiff is when he, as administrator, is entitled to the possession thereof for the purpose of paying debts against the estate.    See Chowning vs Stanfield, 49 Ark, 60, 4 S. W. 276; Garibaldi vs Jones, 48 Ark. 230, 2 S. W. 844. That the heirs are the only necessary parties to recover the lands of the decedent, see further, Theurer vs Brogan, 41 Ark. 88; Anderson vs Levy, 33 Ark. 665; Haley vs Taylor, 39 Ark. 105; Sisk vs Almon, 34 Ark. 391; Mays vs Rogers, 37 Ark. 155; Crowell vs Young, 4 Ind. Ter. 148, 69 S. W. 829.

The plaintiffs in the case at bar are all Chickasaw Indians by blood and owners of the improvements upon the realty sued for.    Under the Atoka Treaty of 1898 (30 Stat. 495, c. 517) and the Supplemental Treaty of 1902 (32 Stat. 641, c. 1362), between the United States and the Choctaw and Chickasaw Indians, by reason of their ownership of said improvements they had the preferred and indefeasible right to select their allotments from said improved lands, and when selected and patents issued to them therefor said minors and plaintiffs took the same free of all incumbrances or antecedent debts.    Section 23, Curtis Bill (Ind. Ter. Ann. St. 1899, § 57z25); section 11, Supplemental Treaty 1902 (Acts 57th Cong. 1st Sess. p. 642, c. 1362).    To permit J. R. Chandler as administrator by ap-

pointment of the tribal Probate Court to sue, instead of J. R. Chandler as administrator by appointment of the United States Court, certainly was not a material change of the claim or cause of action as set forth in the original complaint, and really was immaterial in so far as Oliver or the merits of the case were concerned.

This cause, for the reasons hereinbefore stated, is reversed and remanded, with directions to the court below to overrule the demurrers to the plaintiffs' amended complaint and proceed with the trial of the case.

CLAYTON and LAWRENCE, JJ., concur.