PENDERGRASS v. ALLEN.

Opinion delivered November 20, 1911.

MORTGAGE FORECLOSURE—PARTIES.—Where the plaintiff was the sole legatee of her husband's will, as well as his executrix, it was not error to permit her to sue in her individual capacity to enforce a mortgage upon land in favor of her testator's estate, if there were no debts probated against the estate, and the time for probating them had expired, although she had not been discharged as executrix.

Appeal from Carroll Chancery Court, Western District; *T. Haden Humphreys*, Chancellor; affirmed.

STATEMENT BY THE COURT.

On the 15th day of October, 1903, Laura and Fred Boles executed to Peter Lane their promissory note for the sum of $850, due one year from date, and also executed a mortgage on certain town lots in the city of Eureka Springs to secure same. Peter Lane died in April, 1906, and by his last will and testament his widow, Ida V. Lane, became the owner of said mortgage. On the 19th day of June, 1909, she filed a bill in the chancery court against Laura and Fred Boles to foreclose the mortgage. Subsequently, she learned that they had conveyed the property to C. W. Pendergrass, and he was made a party defendant to the suit.

The will of Peter Lane was exhibited for probate to the clerk in vacation, and the clerk received the probate thereof in common form. Ida V. Lane was the sole legatee under the will, and was appointed the executrix thereof. At the July term, 1906, of the probate court the action of the clerk in admitting the will to probate was duly confirmed by the

court. The subsequent records of the court in regard to the administration of the estate were introduced in evidence. These records contain nothing except orders for continuances until the April term, 1908. At this term a citation was issued to the executrix to show cause why she had not reported. At the July term, 1908, the record shows that the matter was continued until the next term of the court.

Ida V. Lane testifies that her husband owed no debts when he died, and that the probate court discharged her as executrix of the last will and testament of Peter Lane, deceased.

E. M. Bare, deputy county and probate clerk, testified that Ida V. Lane received her discharge from the probate court, but the order was never entered of record. He also testified that there is no other entry of record after that of July 31, 1908, and that for the last two years the records of the probate court do not show that any proceedings were had in reference to said estate. The chancellor rendered a decree foreclosing the mortgage, and the defendant, Pendergrass, alone has appealed.

*Walker & Walker,* for appellant.

1. The administration of an estate and the discharge of an executrix can not be established by parol evidence. 54 Am. Dec. 147, 148; 25 N. W. 297.

2. The suit should have been brought by the executrix of the estate of Peter Lane, and appellee in her capacity as heir or legatee had no right to institute and maintain it. 15 Ark. 436; 16 Ark. 698; 18 Ark. 31; *Id.* 319; *Id.* 448; 21 Ark. 179; 22 Ark. 539; 31 Ark. 625; *Id.* 724; 32 Ark. 91; 33 Ark. 147; 41 Ark. 316; 46 Ark. 469; 89 Ark. 555.

*Charles D. James,* for appellee.

The evidence as to the discharge of the executrix was, under the circumstances, not improperly admitted. The evidence shows that the estate was fully administered, no debts remained to be paid, and appellee had no further interest in the note and mortgage as executrix of the estate; but as sole legatee under the will she had a right to sue. 30 Ark. 775, 778; 47 Ark. 470, 475.

The order of discharge having been granted, the appellee had, and still has, the right to apply for a *nunc pro tunc* order to be entered showing that fact, and, upon its being granted, the

order would relate back to the time of the original discharge. 75 Ark. 12; 40 Ark. 224. And the validity of the order discharging the executrix would not be affected by the fact that the clerk failed to enter it of record. 57 Ark. 187; 59 Ark. 592; 61 Cal. 145; 125 Ill. 64; 8 Am. St. Rep. 335; 2 Idaho, 809; 35 Am. St. Rep. 809; 77 Cal. 220; 11 Am. St. Rep. 267; 75 Cal. 213, 7 Am. St. Rep. 146. Having been discharged, and that order being in full force and effect, though not entered on the record, appellee could not sue in her capacity as executrix.

HART, J., (after stating the facts). It is not contended by the defendant, Pendergrass, that either he or his co-defendants has paid the note. He relies for a reversal of the decree on the ground that the discharge of the executrix can not be established by oral evidence, and that the action should have been brought by Ida V. Lane, as executrix, instead of in her own name. This may be conceded as an abstract proposition of law, and still the plaintiff was entitled to a decree of foreclosure under the facts of this case.

The records show that the will was admitted to probate, and the plaintiff appointed executrix on the 9th day of May, 1906. She was the sole legatee under the will, and testified that no part of the mortgage debt has ever been paid. All the records of the probate court were introduced in evidence, and it does not appear that any claims were ever probated against the estate. While the testimony of the clerk was not competent to prove the discharge of the executrix, it was competent to show by him that there were no further record entries after that of July 31, 1908, and that two years had elapsed from that time to the time at which the clerk was testifying. Hence it may be said that the probate records show that no debts were ever probated against the estate, and that the plaintiff was the sole legatee under the will, and the chancellor is presumed to have considered only competent testimony. Therefore, it is apparent that, if the administration might be still considered open, the executrix has no contingent interest in the estate. *Reed* v. *Ash,* 30 Ark. 775.

There being no debts probated against the estate during the time in which they might have been legally exhibited and the plaintiff being the sole legatee under the will, it could make no difference to the defendant whether she brought suit as

executrix or in her individual capacity.    It is well settled that this court will not reverse for errors that are not prejudicial to the rights of the party appealing.

The decree will be affirmed.