## MOSELEY v. McBRIDE.

No. 2977.    Opinion Filed January 13, 1914.

(138 Pac. 138.)

**EXECUTORS AND ADMINISTRATORS**—Real Property—Authority of Administrator—Rents. The laws of Arkansas in force in the Indian Territory prior to statehood confer power upon an administrator to control the lands of his intestate for the purpose only of paying his debts. If there are no debts, or if all claims which may become a charge against the estate have in fact been discharged, there is no room to contend that the statute still confers the right upon the administrator to sue for the recovery of rents for the use of the real estate of the decedent accruing subsequent to his death.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by W. P. McBride, administrator of the estate of Jennie I. Thomas, against J. M. Moseley. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. B. Thompson,* for plaintiff in error.

*J. F. Sharp* and *J. B. Dudley,* for defendant in error.

KANE, J. This was an action for the recovery of rent for the use of certain real estate, commenced by W. P. McBride, administrator of the estate of Jennie I. Thomas, deceased, who prior to her death was the owner of the land. The rent money

alleged to be due accrued subsequent to the death of Jennie I. Thomas, who was a member by blood of the Choctaw Tribe of Indians, who died on the 31st day of October, 1904. Prior to her death she executed a will whereby she attempted to bequeath the land in controversy to her uncle, Dr. E. G. Thomas. Dr. Thomas, it seems, executed the lease under which the tenant, Moseley, held, and under which the rental sought to be recovered accrued. Prior to the trial, the parties to the action entered into a stipulation which it was agreed contained a statement of the facts necessary to a proper determination of said cause, according to the issues joined by the pleadings, wherein, in addition to the foregoing statement of facts, it was further agreed that Jennie I. Thomas, at the time of her death, left no debts, other than those incurred during her last illness, and such as attended her death and burial, which were paid by her uncle, Dr. E. G. Thomas. The court below decided the case in favor of the plaintiff, and entered judgment accordingly, to reverse which this proceeding in error was commenced.

The only question of any seriousness presented by the record is, Can an administrator or personal representative of a deceased person maintain an action for the possession of real estate, or for the use and occupation of real estate or rents accruing thereon subsequent to the death of the intestate? Counsel for plaintiff in error contends that under the laws of Arkansas, in force in the Indian Territory at the time of the death of Jennie I. Thomas, neither an executor nor an administrator has, as such, any interest in, title to, or control over the real estate of a decedent, except for the purpose of the payment of debts. We think this contention is well taken. The general rule, as laid down in 18 Cyc. 297, seems to be that neither an executor nor an administrator has, as such, any inherent interest in, title to, or control over the realty of his decedent. The text further states that in some jurisdictions the statutes give to the executor or administrator a certain control over the land of the decedent, usually either for the purpose of preserving the same from waste during the course of administration, effecting a division and distribution among those entitled, etc., or of subjecting the same

to the payment of the decedent's debts in case the personal assets prove insufficient for this purpose. In one of the cases cited in support of the text, *Brown, Adm'r, v. Mize,* 119 Ala. 10, 24 South. 453, it was said:

"Again, the relation of an administrator to the lands of his intestate is regulated by statute. He has no interest in his intestate's lands. They pass, as at common law, to the heir, at the instant of the death of the ancestor, subject to be intercepted by the power conferred by statute on the personal representative, to be exercised in the mode and for the purposes specified by statute to pay debts of the deceased, or to effect a division between the heirs."

The rule in relation to rents and profits is stated in 18 Cyc. 303, as follows:

"The personal representative has at common law no title or right to the rents and profits of the real estate of his decedent, accruing after the latter's death; but possession and control of real estate such as will carry the right to rents and profits may be given to the executor or administrator by the will, and statutes frequently give the representative the right, under appropriate circumstances, to receive the rents and profits either for the purpose of using them for payment of the debts, or for other purposes connected with the administration. In order to entitle the representative to the rents and profits under such statutes it must appear that the contingency contemplated by the statute has arisen, and that the representative has complied with reference to establishing his right, one of the most usual of which is that there shall be an order of court authorizing the representative to rent or use the land and apply the rents and profits to the purpose of the administration. A mere naked or contingent power to sell does not give the representative a right to the rents and profits, but in such case the heirs or devisees may enter upon the estate and receive all rents and profits until such power is appropriately exercised."

Section 2522, chap. 49, Mansf. Dig. of Ark., relating to descent and distribution, which was in force in the Indian Territory at the time of the death of Jennie I. Thomas, provides that:

"When any person shall die, having title to any real estate of inheritance, or personal estate not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his

kindred, male and female, subject to the payment of his debts and the widow's dower, in the following manner," etc.

By virtue of this statute, if the will was void, as plaintiff contends—which question we do not deem it necessary to pass upon—there being no debts, the title to the land immediately became vested in the heirs at law.

Section 68, chap. 1, Mansf. Dig., provides:

"Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts."

Section 170 of the same chapter provides:

"Lands and tenements shall be assets in the hands of every executor or administrator for the payment of the debts of the testator or intestate."

In *Scroggins et al. v. Oliver,* 7 Ind. T. 740, 104 S. W. 1161, it was held:

"The only case in which the administrator in a suit to recover realty is a proper party plaintiff is when he, as administrator, is entitled to the possession thereof for the purpose of paying debts against the estate."

After citing *Chowning v. Stanfield,* 49 Ark. 87, 4 S. W. 276, and *Garibaldi v. Jones,* 48 Ark. 230, 2 S. W. 844, in support of the foregoing proposition the court continues:

"That the heirs are the only necessary parties to recover the lands of the decedent, see further: *Theuer v. Brogan,* 41 Ark. 88; *Anderson v. Levy,* 33 Ark. 665; *Haley v. Taylor,* 39 Ark. 105; *Sisk v. Almon,* 34 Ark. 391; *Mays v. Rogers,* 37 Ark. 155; *Crowell v. Young,* 4 Ind. T. 148 [69 S. W. 829]."

In the case of *Theuer et al. v. Brogan, supra,* it was held:

"This right [of an administrator to the possession of lands of his decedent] under our system is only a qualified one, depending on the existence of debts, and the necessity of charging the lands with them as assets."

In *Kiernan v. Blackwell,* 27 Ark. 235, it was held:

"The executor of an estate has no interest in the lands of an intestate, or control over them, save as it may be necessary to subject them to the payment of general creditors."

In *Stewart v. Smiley,* 46 Ark. 373, Mr. Chief Justice Cockrill, in discussing the authority of an administrator to sue for rents of real estate, said:

"Conceding that the appellee is the lawful administrator of the estate, his authority to sue for the rents of the real estate does not follow. The statute confers the power upon an administrator to control the lands of his intestate for the purpose of paying debts. His authority in that respect is derived solely from the statute, for at common law the administrator had nothing whatever to do with the lands of his intestate. But the charge created upon the lands by the statute for the purpose of paying the intestate's debts is not a perpetual one, even when the debts of the estate remain unpaid, as was ruled in *Mays v. Rogers,* 37 Ark. 155. The heirs cannot be forever deterred from the possession of the lands of their ancestor by the neglect of the administrator and the creditors to enforce payment of debts due by the estate. *Id.* And if the claims for which the estate is liable have in fact been discharged, there is no room to contend that the statute still confers the right upon the administrator to control the lands. *Menifee v. Menifee,* 8 Ark. 47; *Reed v. Ash,* 30 Ark. 775; *Tate v. Jay,* 31 Ark. 576."

As it is conceded that Jennie I. Thomas left no unpaid debts which could possibly become a charge against her estate, the foregoing authorities abundantly support the conclusion we have reached that the administrator of her estate has no authority to sue for the recovery of rents for the use of the land involved, accruing subsequent to her death.

The judgment of the court below is therefore reversed and the cause remanded, with directions to proceed in conformity with this opinion.

All the Justices concur.