RUMNEY ET AL., APPELLANTS, *v.* SKINNER, RESPONDENT.

(No. 4,805.)

(Submitted June 1, 1922. Decided June 30, 1922.)

[208 Pac. 895.]

*Fraud—Real Property—Sale—Damages—Estates of Deceased Persons — Devisees Proper Parties Plaintiff — Complaint — Sufficiency—Demurrer.*

Real Property—Sale—Fraud—Damages—Devisees Proper Parties Plaintiff Prior to Distribution of Estate.
  1. *Held,* that devisees may maintain an action for damages for fraud practiced upon them in the procurement of an agreement to sell the real property of testator, even though at the time the estate was in process of administration and distribution had not been made.
Fraud—Complaint—Sufficiency.
  2. Complaint charging that defendant made promises which he did not intend to keep, that he made representations intending that the

[64 Mont. 75.]

plaintiffs should act upon them, that the representations were false, that the plaintiffs believed them to be true and acted upon them to their damage, was sufficient to charge fraud.

Complaint—When Demurrer Improperly Sustained.

3. A demurrer which goes to the whole of a complaint cannot be sustained if the plaintiff is entitled to some relief, even though some of its averments may be insufficient.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Sarah F. Rumney and others against H. J. Skinner. From a judgment for defendant, plaintiffs appeal. Reversed.

*Mr. Harry H. Austin,* for Appellants, submitted a brief and argued the cause orally.

It is claimed by respondent that the action should have been brought by the executrix in her representative capacity and by no other person. Appellants contend that the action is properly brought, and that in his argument on this point the respondent fails to distinguish between the representative's right of possession during administration and title itelf, or the persons in whom title actually rests. We do not question the proposition that the representative has a right of possession during administration but we do strenuously deny that the title itself vests in the representative. We maintain that in case of a testamentary devise, the devisee takes title by purchase at the moment of the testator's death. (2 Blackstone's Commentaries, 242). So clearly was it the common law that a devisee took by purchase at the testator's death, that for considerable time his devise came to him free of debts, which situation forced the passage of a statute (3 & 4 Wm. & M., c. 14) to rectify the evil in the law. (*Id.* 378.)

Devisees and legatees take by purchase. (*State ex rel. Donovan* v. *District Court,* 25 Mont. 355, 65 Pac. 121; Rev. Codes 1907, secs. 4759, 4775, 4804.) And title passed at time of death of devisor (*Id.,* sec. 4787; *Gelsthorpe* v. *Furnell,* 20 Mont. 299, 310, 39 L. R. A. 170, 51 Pac. 267); and does not

originate in the decree of distribution. (*In re Yorba's Estate,* 176 Cal. 166, 167 Pac. 854; *Phelps* v. *Grady,* 168 Cal. 73, 141 Pac. 926.)

Where title is in question, heirs are indispensable parties. (18 Cyc. 946, 947; *Benton* v. *Benton,* 106 La. 99, 30 South. 137; *Chowning* v. *Stanfield,* 49 Ark. 87, 4 S. W. 276; *Barbee* v. *Penny,* 172 N. C. 653, 90 S. E. 805; *Randolph* v. *Hubbert,* 190 Ala. 610, 67 South. 416.)

The complaint states a cause of action for fraud. (*Cowee* v. *Cornell,* 75 N. Y. 91; *Crawford* v. *Hoeft,* 58 Mich. 1, 23 N. W. 27, 24 N. W. 645, 25 N. W. 567, 26 N. W. 870; *Togni* v. *Taminelli,* 11 Cal. App. 7, 103 Pac. 899; *Wilcox* v. *Schissler,* 55 Mont. 246, 175 Pac. 889; *Kummrow* v. *Bank of Fergus County,* 57 Mont. 390, 395, 188 Pac. 649; *Laun* v. *Kipp,* 155 Wis. 347, 5 A. L. R. 655, 145 N. W. 183.)

*Mr. Fletcher Maddox* and *I. W. Church,* for Respondent, submitted a brief; *Mr. Maddox* argued the cause orally.

The respondent contends that the complaint fails to state a cause of action in that it is not shown that the estate of Benjamin Rumney has ever been fully administered or that the executorial duties and obligations of Sarah F. Rumney, the executrix have ever been discharged. Whatever may be the rule in other states, we think it well settled that in Montana, under the provisions of sections 7502 and 7603, Revised Codes, the possession of both real and personal property vests in the executrix. (*In re Higgins Estate,* 15 Mont. 474, 28 L. R. A. 116, 39 Pac. 506.)

In 2 Woerner on American Law of Administration, section 337, the author places Montana in the group of states in which by statute the realty goes to the personal representative, and in which the rights of the executor or administrator concerning the real estate are recognized to the full logical extent, the common-law rule being almost wholly abrogated, as the author shows in these states, such as Montana, the right to the possession of the real estate until the administration is

closed, or rather until distribution made, is solely with the representative, whether the estate be solvent or not, and he may without joining the heirs or devisees bring ejectment and unlawful detainer against third persons.

So in the present case, whether the deed in question was procured by fraud or not, the executrix could bring ejectment proceedings against any person in possession or claiming title to the lands of the Rumney estate. It is therefore obvious that before the plaintiffs may maintain this action they must show that the Rumney estate was lawfully closed by a decree of distribution of the court having jurisdiction of the estate, and that they were then by reason of the settlement of the debts of the estate and its final closing in a position as devisees to transfer the title to any person.

The allegations of fraud are not sufficient. The plaintiffs admit the execution of the deed in question but merely claim that they supposed they were executing an assignment of their interests to John R. Rumney. The complaint exhibits the deed bearing the signatures of all the plaintiffs apparently duly acknowledged. There is no allegation that all the plaintiffs failed to read the paper before signing it. There is no allegation that they were in any manner prevented from reading it by any act of the defendant. There is no allegation that the defendant made any excuse or practiced any deceit inducing them not to read the paper. There is no allegation that they were unable to read or, if having read, they were unable to comprehend. There is no allegation of any fiduciary relationship which would entitle the plaintiffs to repose special confidence in the defendant. Each of the defendants must necessarily have had possession of the deed for some brief period at least, in order to attach their signatures. If they failed to read it and were not prevented by any act of the defendant from reading it, they cannot now be heard to say that they relied upon the statement of the defendant that the paper was one thing when in fact it was another. Each plaintiff upon signing the paper was charge-

able with the duty of reading it, and if upon reading it failed
to understand, it was the duty of each one to become en-
lightened as to its character and meaning before attaching his
signature. The charge of fraud in the complaint is wholly in-
sufficient. (*Grindrod* v. *Anglo-American Bonding Co.*, 34 Mont.
169, 85 Pac. 891.) In the later cases of *Hennessy* v. *Holmes*, 46
Mont. 89, 125 Pac. 132; *Parchen* v. *Chessman*, 49 Mont. 326,
Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469, and
*Kummrow* v. *Bank of Fergus County*, 57 Mont. 390, 188 Pac.
649, some apparent conflict in these authorities seems to have
been ironed out, leaving for the guidance of the bar a clearer
understanding of the attitude of this court on the subject of
"signing without reading."

Plaintiffs failed entirely to allege the circumstances under
which the facts constituting the fraud were brought to their
knowledge or attention. In this respect, the complaint is
wholly insufficient. This has long been the rule in Califor-
nia. (*Lady Washington Consol. Co.* v. *Wood*, 113 Cal. 482,
45 Pac. 809; *Hecht* v. *Slaney*, 72 Cal. 363, 14 Pac. 88; *Moore*
v. *Boyd*, 74 Cal. 167, 15 Pac. 670; *Lataillade* v. *Orena*, 91 Cal.
565, 25 Am. St. Rep. 219, 27 Pac. 924; *Archer* v. *Freeman*, 124
Cal. 528, 57 Pac. 474.)

MR. JUSTICE COOPER delivered the opinion of the court.

Action to recover damages for fraud and deceit. The alle-
gations of the complaint are substantially these: That Benja-
min Rumney, the husband of Sarah F. Rumney and the father
of the other five plaintiffs, died testate in the county of Cas-
cade April 14, 1914, the owner and in possession of the ranch
which is the subject of this action; that Mrs. Rumney qualified
as executrix and remained in the occupancy and control of
the property until November 15, 1916; that at the time of the
death of the testator, a mortgage in the sum of $25,000 stood
against the property in favor of the New York Life Insurance
Company; that in October, 1916, Sarah F. Rumney and the
defendant were both believers and ardent followers of the re-

ligious faith known as Christian Science; that by reason of
this belief, and the high standing in the church and the busi-
ness world, of the defendant, her own lack of business knowl-
edge, capacity and experience and the marked sagacity of the
defendant and his familiarity with corporate methods of ac-
quiring and handling property, he "with intent to cheat, de-
fraud, deceive and mislead the plaintiffs to their injury, and to
cheat and defraud them of their said property," orally proposed
to assist plaintiffs financially in the operation of the ranch, and
to loan them thereon the sum of $25,000 on condition that they
agree, at a time to be thereafter fixed, to sell one-half thereof,
and to apply the proceeds from the sale to the payment of the
mortgage thereon, to repay the defendant the amount so ad-
vanced, and divide with him equally the profits to be derived
from the operation of one-half and the sale of the other; that
with the proceeds to be realized upon this transaction, the
plaintiffs would be able to pay and discharge the mortgage
and certain claims against the estate, so that in the end half
the ranch would be free from encumbrance, and a net profit
in cash realized from the transaction; that to accomplish this
he would require each of the plaintiffs to "sign over to"
John R. Rumney, one of the plaintiffs, their several interests
in the property, so that he would have but one person to deal
with; that he would then organize a corporation and divide
with plaintiffs its capital stock; that believing all the prom-
ises made by defendant, plaintiffs accepted the proposal; that
the Rumney Ranch Company was then organized, with defend-
ant, his son, and John R. Rumney as incorporators; that about
November, 1916, defendant presented to plaintiffs a written
instrument which he had prepared, and asked plaintiffs to
sign it, representing it to be a written assignment to plaintiff
John R. Rumney of their several interests in the ranch and
personal property; that in their confidence in the honesty and
integrity of the defendant, and the belief that the instrument
was but an assignment of their several interests, they all,
except Benjamin M. Rumney, signed the document, and the

defendant then took immediate possession thereof, and plaintiffs have not since seen it; that the paper so signed was not an assignment as represented, but a deed conveying the ranch and all the personal property mentioned to the corporation known as the Rumney Ranch Company; that this fact was not discovered by plaintiffs until June 23, 1920, but was known to the defendant, and that the design and purpose of the defendant throughout was to cheat and defraud the plaintiffs of the ranch and personal property; that the defendant "either forged or procured the forgery of the acknowledgment" to the deed mentioned; that the Rumney ranch has since been under the entire control and management of the defendant by means of the corporation, and that its organization was but a cloak in aid of his fraudulent design; that defendant never offered to negotiate with plaintiffs for the purpose of selling the ranch as they contemplated would be done under their agreement with defendant; that they have received nothing of value from defendant; that defendant caused the deed to be recorded without their consent, and has since conveyed a portion of the ranch to his wife, and has in his own name personally contracted to sell the remaining portion thereof to individuals composing a Mormon colony; that he has secured the eviction of plaintiffs from the "old Rumney home," which, according to defendant's original proposal, was to remain the home of the plaintiffs. The prayer is for $65,000 damages.

To the complaint a demurrer was filed upon two grounds: (1) That the complaint did not state facts sufficient to constitute a cause of action; and, (2) that plaintiffs have not the legal capacity to sue, because of the fact that the complaint alleges ownership in Benjamin Rumney at the time of his death; that the plaintiff Sarah F. Rumney qualified as executrix, and that it fails to charge that the estate was closed and the property distributed so as to entitle the plaintiffs to seek redress in their own names and of their own right. The

court sustained the demurrer. Plaintiffs refused to amend, and judgment was rendered for defendant. Plaintiffs appeal.

The defendant contends that until the estate has been duly [1] administered, the final accounts approved, the claims against the estate paid, and the estate distributed according to law, the action cannot be maintained by the devisees, and that a deed from them would pass no title to either the real or personal property until after a distribution is decreed in due course of law. In this contention there is no merit. Section 6477 of the Revised Codes of 1907 provides that every action must be prosecuted in the name of the real party in interest; and section 6487 declares that all persons having an interest in the subject matter of the action, and in the relief to be had, may be joined as plaintiffs. By section 4787 title of the testator in the property passed to the devisees under the will immediately upon his death. This court so held in *Gelsthorpe* v. *Furnell,* 20 Mont. 299, 39 L. R. A. 170, 51 Pac. 267. By like process of reasoning, the supreme court of California, in construing statutes identical with our own, reaches the same conclusion in *Phelps* v. *Grady,* 168 Cal. 73, 141 Pac. 926. Indeed, the heirs are the only necessary parties to recover lands of the decedent. (*Garibaldi* v. *Jones,* 48 Ark. 230, 2 S. W. 844.)

The right of an executor or administrator to the possession of the lands and personal property of a testator is only a qualified one, dependent upon the existence of debts and the necessity of paying them. He has no control over the assets, except as it may be necessary to subject them to the payment of the debts of the estate. After they are paid, the right of the heirs in the property is absolute. The charge created upon the lands by the statute for these purposes is not a perpetual one, even when the debts of the estate remain unpaid. (*Moseley* v. *McBride,* 40 Okl. 270, 138 Pac. 138.) "Notwithstanding the fact that the personal representative is by statute given the right to possession of land as assets for the purpose of administration, the heirs are

indispensable parties in ejectment, or any similar action where the title is in question." (18 Cyc. 946, 947, par. 3.) The relation of an executor to the lands of a deceased person is regulated by statute. He has no interest in the lands, as such. They pass, as at common law, to the heir, at the instant of the death of the ancestor, subject to be intercepted by the power conferred by statute.

The argument defendant makes upon the sufficiency of the [2] complaint to charge fraud is that the plaintiffs do not show that they were prevented from reading the instrument, nor that they failed to read it because of any deceit on the part of the defendant by which they were prevented from acquainting themselves with its contents; that they have no cause of complaint because they did not apprise themselves of its terms and effects; and that no fiduciary relations existed between themselves and the defendant which entitles them to repudiate their agreement.

The complaint charges the defendant with the making of promises which he never intended to keep. If true, they amounted in substance to fraud and deceit and resulted in serious injury to the rights of the plaintiffs. A demurrer [3] which goes to the whole complaint cannot be sustained if the plaintiffs are entitled to some relief, although some of the averments of the bill may be insufficient. And if from any view the plaintiff is entitled to some relief, the complaint will be good against a general demurrer. (*Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97.)

The complaint alleges clearly, and certainly with enough detail, that the defendant made representations intending that the plaintiffs should act upon them, that the statements were false, and that the plaintiffs believed them and acted upon them to their damage. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601.) Without indulging in a minute analysis of its averments, the complaint raises substantial issues upon the facts it essays to plead; and they are of substance enough

to call upon the defendant to clear the transaction of the taint of fraud and deceit it imputes to him.

Judgment reversed.

*Reversed.*

ASSOCIATE JUSTICES FARR, HOLLOWAY and GALEN and HON-ORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.