[L. A. No. 2078. Department One.—January 24, 1908.]

In the Matter of the Estate of S. A. VANCE, Deceased.

PROMISSORY NOTE—OPTION TO PAY IN CORPORATE STOCK—PAYMENT BY ESTATE OF DECEASED MAKER.—An option reserved to the maker of a promissory note of paying the same in money or by the transfer of shares of the capital stock of a specified corporation, is not a mere personal right of the maker. Such option to pay in stock is in the nature of a property right, and passed to the estate of the maker of the note, and the personal representative of the maker, in pursuance of the order of the court in the settlement of his estate, is empowered to pay the note by a transfer of the stock.

ID.—PROPERTY OF DECEDENT PASSES SUBJECT TO ADMINISTRATION.—The passing of title to the property of a decedent to his heirs, devisees, or legatees, is subject to the control of the probate court and to the possession of the administrator or executor for the purposes of administration, and is charged with the burden of paying the debts of the deceased.

ID.—Court May Direct Payment in Stock.—Where the payee of such note presents the same as a claim against the estate of the maker, and it is allowed and approved, the probate court has jurisdiction to order its payment by the transfer of the stock.

APPEAL from an order of the Superior Court of Los Angeles County directing the payment of a claim against the estate of a decedent.  G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

Taylor & Forgy, for Respondent.

SLOSS, J.—On May 26, 1903, S. A. Vance made and delivered to Hammond Lumber Company, a corporation, his promissory note, reading as follows:—

"$65,000.00.
                         "SAN FRANCISCO, CALIF., May 26, 1903.
"On or before five years after this date, I promise to pay to the order of Hammond Lumber Company sixty-five thousand dollars, United States gold coin, with interest thereon, payable semi-annually at the rate of four per cent per annum from date until paid.

"This note is secured by pledge of six hundred and fifty shares of the first preferred cumulative stock of the stock of Vance Redwood Lumber Company, and is payable, at my option, by transfer and delivery of as many of said shares as shall at the time of such transfer and delivery be the equivalent at par of the then unpaid part of this note.
                         (Signed)        "S. A. VANCE."

Thereafter, S. A. Vance died, leaving a will in which he named his wife, Marie H. Vance, as executrix, and gave all of his estate in equal shares to his said wife and a minor son. Letters testamentary having issued, notice to creditors was published, and, within the time allowed, the Hammond Lumber Company presented a claim, setting forth the instrument above quoted, and alleging the payments of interest and non-payment of the principal.  The claim was allowed by the executrix and approved by the court.  The estate is solvent.

After the expiration of the time for presenting claims, the executrix filed a petition, alleging that the six hundred and fifty shares of stock referred to in the claim had been appraised at thirty-eight thousand seven hundred and fifty dollars, and that it was to the best interests of the estate that the claim be paid by transfer of said six hundred and fifty shares, which at par were the equivalent of the unpaid portion of the note. The prayer of the petition was for authority to deliver said stock to the claimant in full payment of its claim. In response to a citation, the claimant, Hammond Lumber Company, appeared and opposed the petition. Over its objection, the court made an order authorizing and directing the executrix to transfer and deliver to Hammond Lumber Company, in full payment of the note and claim, a certificate for six hundred and fifty shares of the first preferred cumulative stock of Vance Redwood Lumber Company, being the shares mentioned in the note. The order further provided that upon such transfer the claim and note "shall be fully paid and satisfied."

From this order the Hammond Lumber Company has appealed.

The points made in support of the opposition in the lower court, and now urged on this appeal are, first, that the option to pay the note by transfer and delivery of the stock was a right personal to S. A. Vance, the maker, and expired with his death; second, that the superior court as a court of probate had no jurisdiction to make the order directing the payment of the claim by a transfer and delivery of the shares of stock.

1. We see no good reason for holding that the option to pay in stock was a mere personal right of the maker. The note is payable on or before five years after date, and is payable, at the option of the maker, in money or in stock. Two options were here reserved to the maker—the option to pay at any time prior to the expiration of the five years, and the option to pay in stock instead of money. The payee had no right to insist on payment at any time before the end of the five years' period, nor to receive payment in money if the maker should elect to pay in stock, or *vice versa*. Both of the options so reserved are valuable rights. It is not suggested that the right to pay before the expiration of the five years was

lost to Vance's estate by his death. The right to pay in stock rather than in money stands on no different ground. The option to pay in this manner was reserved solely for the benefit of the maker. The appraised value of the stock ($38,750.00) shows that this option, at the time of filing the petition, was worth twenty-six thousand two hundred and fifty dollars, the difference between such value and sixty-five thousand dollars. Why should the death of the maker be held to transfer this twenty-six thousand two hundred and fifty dollars from Vance's estate to the Hammond Lumber Company? When the claimant took the note, it contracted for and received, not an obligation to pay sixty-five thousand dollars, but an obligation to do one of two things,—i. e. to pay sixty-five thousand dollars *or* to transfer six hundred and fifty shares of stock. The only right it bargained for was the right to receive the one of these two modes of performance which should prove to be to the advantage of the maker. The maker's death did not transform or enlarge this into an absolute right to receive sixty-five thousand dollars. The option reserved was in the nature of a valuable property right, and, as such, passed to the estate of the decedent. Since it had reference to the performance of an obligation of the decedent, its exercise necessarily devolved upon the executrix, who was charged with the duty of carrying out, subject to the direction of the probate court, all binding contracts made by the testator.

The appellant lays great stress upon the proposition that upon the death of one owning property, the property passes at once to his heirs, devisees, or legatees. (Civ. Code, sec. 1384; *Beckett* v. *Selover*, 7 Cal. 238, [68 Am. Dec. 237]; *Brenham* v. *Story*, 39 Cal. 185; *Estate of Newlove*, 142 Cal. 377, [75 Pac. 1083].) From this the conclusion is drawn that the six hundred and fifty shares passed at once, on the death of Vance, to his widow and minor son, and that the executrix, with or without the order of court, had no power to transfer to the claimant any title to said shares. But the passing of title to the heirs, devisees, or legatees is subject to the control of the probate court and the possession of the administrator or executor for the purposes of administration. (Civ. Code, sec. 1384; Code Civ. Proc., secs. 1452, 1581.) "The heirs' title is subject to the performance by the admin-

istrator of all his trusts, and they finally come into the possession and enjoyment of only such portion of the estate as may remain after the execution of them by the administrator.'' (*Robertson* v. *Burrell,* 110 Cal. 568, 574, [42 Pac. 1086].) One of those trusts is the payment of the debts of the decedent. Here the testator bound himself either to pay a sum of money or to transfer certain shares of stock. Both the money and the stock passed to his legatees charged with the burden of the performance of this obligation. One or the other was to pass from the estate, according to the exercise of the option by the executrix. Whatever title the legatees took was subject to the exercise of this option.

2. The contention that the probate court was without jurisdiction to make the order appealed from is, in a measure, answered by what has already been said. If the option reserved in the note was a right that passed to the estate, and was to be exercised by the executrix, it will hardly be questioned that the exercise of that option for the purpose of satisfying an approved claim was a matter to be passed on by the probate court. ''The objects of probate proceedings are to administer, settle and distribute the estate of deceased persons.'' (*Maddock* v. *Russell,* 109 Cal. 417, 422, [42 Pac. 139].) The presentation, allowance, and payment of claims are subjects especially committed to the care of the probate court. (Code Civ. Proc., secs. 1490 et seq., 1516, 1646.) The order in question is to be regarded as an order for the payment of an allowed and approved claim. The appellant submitted itself to the jurisdiction of the court by presenting its claim, and it has no ground for complaint in that the court has made an order directing that it be paid in the manner provided by the contract which is the basis of the claim.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.