In re ESTATE OF DESCHAMPS. DESCHAMPS et al., Appellants, *v.* DESCHAMPS et al., Respondents.

(No. 5,128.)

(Submitted October 26, 1922. Decided November 27, 1922.)

[212 Pac. 512.]

*Estates of Deceased Persons—Executors and Administrators— Failure to Bring Action to Recover Property of Estate—Removal—When Improper—Wills—Probate—Title to Property in Devisees.*

Estates of Deceased Persons—Wills—Title to Property Vests in Devisees at Once.
1. The property of a testator vests in the devisees from the moment of his death, subject to the right of the executor to its possession for the purposes of administration until the estate is settled or until it is delivered over to them by order of court, the decree of distribution simply releasing the property from the conditions it was subject to during the period of administration.
Wills—Probate—Office of.
2. The probate of a will merely declares, in a general way, the existence of previous facts and furnishes official evidence of those facts.
Same—Right of Devisees to Dispose of Property Devised.
3. Subject to the possession of a testator's estate by the executor for the purposes of administration, the devisees may at once sell or dispose of the property devised, or handle it as they desire.
Executors and Administrators—Removal for Failure to Bring Action to Recover Property of Estate—Proper Refusal.
4. An executor cannot be forced to bring suit to recover possession of property claimed to be part of the estate unless necessity therefor for administrative purposes exists; hence where devisees petitioned for the removal of executors for failing to inventory a parcel of realty claimed by the devisees to be part of the estate and have others appointed in their place who would take action, and the record did not show that there were debts or claims unpaid or that

the possession of the property was necessary to a proper discharge of the duty of the executors in administering the estate, the court properly refused to order their removal.

Estates of Deceased Persons—Right of Action in Devisees to Recover Property of Estate.

5. Devisees may bring any proper action against any person (other than the executor in his official capacity) to either obtain possession of, quiet title to, or declare a trust in, any property devised to them, and in such an action the executor (or administrator) is neither a necessary nor an indispensable party.

*Appeal from District Court, Missoula County; James M. Self, Judge.*

IN THE MATTER of the estate of Gaspard Deschamps, deceased. From an order refusing to grant petition of Elzeard Deschamps and others to revoke letters testamentary issued to Ulrich W. Deschamps and another, the petitioners appeal. Affirmed.

*Mr. John H. Tolan, Mr. S. P. Wilson* and *Messrs. Mulroney & Mulroney,* for Appellants, submitted an original and a supplemental brief; *Mr. Wilson* argued the cause orally.

Appellants' petition was filed herein under the provision of Chapter 34, Part IV, of the Code of Civil Procedure of 1921, sections 10124–10128. It was urged at the trial in the court below that the foregoing Chapter does not vest the probate court with jurisdiction to remove the executors, except in cases based upon wrong, fraud, malfeasence, misfeasence, misappropriation or some other illegal act; whether this case falls within any of the classes so specified or not, the authorities seem unanimous that the probate court has such authority over estates being administered therein that it may remove an executor in any case where the proper administration of the estate or the interests and rights of the estate require. The sections of our statutes are identical with Article X, sections 1426–1440 of the California Code. (Kerr's Code of Civil Procedure.) The procedure is discussed in *Estate of Kelley,* 122 Cal. 379, 55 Pac. 136. This case holds that the court may first suspend the executor before hearing

or may first hear the case upon the merits. In *Re Healy's Estate,* 137 Cal. 474, 70 Pac. 455, the same rule of practice is laid down, and it is established that the court need not suspend the executor upon the filing of the petition, but may withhold judgment until the truth of the allegations are determined by hearing. (*In re Rathgeb's Estate,* 125 Cal. 302, 57 Pac. 1010.) The latter case also holds that where the administrator claims property of a substantial value as his own, rather than that of the estate and refuses to include it in the inventory, this shows a conflicting interest between the estate and the administrator if there are substantial grounds indicating that the property might belong to the estate, and constitutes grounds for the removal of the administrator in order that the question of title may be approximately determined. (23 C. J. 1113, note 99; *In re Mc-Cluskey,* 116 Me. 212, 100 Atl. 977; *Putney* v. *Fletcher,* 148 Mass. 247, 19 N. E. 370; *Marks* v. *Coats,* 37 Or. 609, 62 Pac. 489; *In re Newell's Estate,* 18 Cal. App. 258, 122 Pac. 1099; *In re Fick's Estate,* 111 Wash. 318, 190 Pac. 1008; *In re Stallo's Estate,* 82 Misc. Rep. 135, 143 N. Y. Supp. 776; *Dunbar* v. *Kelly,* 189 Mass. 390, 75 N. E. 740; *Farnsworth* v. *Hatch,* 47 Utah, 62, 151 Pac. 537; *Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524.)

The rule seems to be clear that when a controversy arises in the administration of the estate as to whether the estate or some other owns certain property, the probate court has no jurisdiction to try and determine such a controversy, but such question of title must be determined in proper proceedings brought in a court of general jurisdiction. (*State ex rel. Bartlett* v. *District Court,* 18 Mont. 481, 46 Pac. 259; *Davis' Estate,* 27 Mont. 490, 71 Pac. 757; *Touhy's Estate,* 33 Mont. 230, 83 Pac. 486; *Mansuer's Estate,* 60 Or. 240, 118 Pac. 1024; *Rathgeb's Estate,* 125 Cal. 302, 57 Pac. 1010; *Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524.) It is equally well settled that executors in their representative capacity may not bring suit against themselves personally for the determination of

the controversy concerning the ownership of the property in question. (*Phillips* v. *Phillips,* 18 Mont. 305, 45 Pac. 221.)

*Mr. H. H. Parsons,* for Respondents, submitted a brief; *Mr. Parsons* and *Mr. A. N. Whitlock,* of Counsel, argued the cause orally.

If the appellants can go into equity and get the same redress directly that they are now seeking to obtain by indirection, through the removal of the executors and substituting others to prosecute in their stead, then they should not be heard to complain in this court. The object sought in this action is to determine whether or not a trust exists and this is a question which the probate court is without jurisdiction to determine. In courts so limited in power as are our probate courts, it is the uniform rule that equity is the proper forum in which to determine rights of trust, rights of possession or title to real property such as is involved in the case at bar. (*Pulver* v. *Leonard,* 176 Fed. 586; *Williams* v. *Crabb,* 117 Fed. 193, 59 L. R. A. 425, 54 C. C. A. 213; *Sutton* v. *English,* 246 U. S. 199, 62 L. Ed. 664, 38 Sup. Ct. Rep. 254; *O'Callahan* v. *O'Brien,* 199 U. S. 89, 50 L. Ed. 101, 25 Sup. Ct. Rep. 727 [see, also, Rose's U. S. Notes].) All that is necessary for appellants to do is that action or suit proceed with all of the proper and necessary parties before the court. (*Tuohy's Estate,* 33 Mont. 230, 83 Pac. 486; *State ex rel. Baker* v. *District Court,* 26 Mont. 369, 68 Pac. 856; *Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524; *Rathbun* v. *Brownell,* 43 Misc. Rep. 307, 88 N. Y. Supp. 833; *Buchanan* v. *Buchanan,* 73 N. J. Eq. 544, 68 Atl. 780; *Buchanan* v. *Buchanan,* 75 N. J. Eq. 274, 138 Am. St. Rep. 563, 20 Ann. Cas. 91, 22 L. R. A. (n. s.) 454, 71 Atl. 745; *Butler* v. *Butler,* 58 N. Y. Supp. 1094; *Anderson* v. *Daley,* 38 App. Div. 505, 56 N. Y. Supp. 511; *Merrill* v. *Comstock,* 154 Wis. 434, 143 N. W. 313.)

MR. JUSTICE FARR delivered the opinion of the court.

This is an appeal from the order refusing to grant the appellants' petition to revoke the letters testamentary issued to Ulrich W. Deschamps and Arthur R. Deschamps, in the estate of Gaspard Deschamps, deceased.

Appellants are children of the deceased and devisees under his will, and the respondents are two of the children, sons, and the executors named in the will. The devisees under the will are the widow and the children. The mother and one child, a daughter, did not join in the petition. The removal is sought because it is claimed that the two executors are unlawfully and wrongfully withholding from the estate of Gaspard Deschamps, deceased, lots 12 and 13 of block 21 of the C. P. Higgins addition to the city of Missoula, with the improvements thereon and the income therefrom, and are committing a fraud upon the appellants as such devisees of the estate of Gaspard Deschamps, deceased, in failing to inventory said property or to account for the same as the property of the estate. The following are the facts and the respective contentions:

This property was purchased by Gaspard Deschamps, the decedent, in his lifetime, for the consideration of $25,000 paid by him. The deed was taken in the name of his two sons, Ulrich W. Deschamps and Arthur R. Deschamps, the respondents, in whose name the record title now stands. They, as individuals, claim to be the owners, in possession and entitled to possession, of the property, and to be entitled to the rents and income therefrom, which they have collected and now have, upon the theory that the property was given to them by their father upon its purchase, and was so accepted by them as a gift. They refuse to account for this property in any way as executors of the estate because of their claim of ownership and right of possession of it. The petitioners, the appellants herein, claim that the executors of the estate are entitled to the possession of, and to the rents

and income from, this property upon the theory that, the consideration for the property, at the time of its purchase, having been paid by their father and the title deed thereto taken in the name of the sons, a trust resulted in favor of the father by virtue of section 6785, Revised Codes of 1921, which trust upon his death inured to his devisees or to his estate; that, by reason of the failure of the executors to account for the property or to have a trust declared therein for the heirs of the estate, they should be removed and some one appointed in their stead, with the object in view that such new representatives of the estate should bring an appropriate action against the two sons as individuals to divest them of the title and possession of the property, and to recover the same, together with the income therefrom, for the estate.

There is not anything in the record to show the status of the administration of the estate or its condition, either at the time of the filing of the petition for removal or at the time of the making of the order of dismissal, other than that it was then in process of administration, except that it does appear that an inventory and an appraisement had been filed by the executors in which this property is neither listed nor accounted for by them.

Upon the death of Gaspard Deschamps all the property of [1] his estate, devised by him by will to his widow and children, vested in them from the moment of his death (sec. 7040, Rev. Codes 1921, formerly sec. 4787, Rev. Codes 1907; *In re Pearson's Estate,* 113 Cal. 577, 45 Pac. 849, 1062; *Hinds* v. *Wilcox,* 22 Mont. 4, 55 Pac. 355; *Gelsthorpe* v. *Furnell,* 20 Mont. 299, 39 L. R. A. 170, 51 Pac. 267; *Rumney* v. *Skinner,* 64 Mont. 75, 208 Pac. 895), subject to the right of the executors to the possession of the same for the purposes of administration, until the estate is settled or until delivered over by order of the court or judge to the devisees (sec. 10138, Rev. Codes 1921, formerly sec. 7502, Rev. Codes 1907; *Martinovich* v. *Marsicano,* 137 Cal. 354, 70 Pac. 479). The

title of the devisees does not originate either in the probate of the will or in the decree of distribution that may be or that has been entered, but title comes from the deceased through the will the instant of his death.

The probate of the will merely declares, in a general way, [2, 3] the existence of facts which have previously occurred, and furnishes official evidence of those facts. (*In re Patterson's Estate,* 155 Cal. 626, 132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (n. s.) 654, 102 Pac. 941.) The decree of distribution serves only to release the property from the conditions to which, as the estate of a deceased person, it was subject. (*Bates* v. *Howard,* 105 Cal. 173, 38 Pac. 715; *Estate of Vance,* 152 Cal. 760, 93 Pac. 1010.) The rights and duties of the executors of the estate intervene between the vesting of title and the right of possession. (*Holland* v. *McCarthy,* 177 Cal. 507, 171 Pac. 421.) But these rights and duties are only such as are incident or necessary to the proper administration of the estate, such as the payment of the debts of the decedent, the expenses of administration, and the family allowance. (*In re Tuohy's Estate,* 33 Mont. 230, 83 Pac. 486.) Their right to possession is commensurate with the right or duty imposed by statute. Subject to the possession of the executors for these purposes of administration the devisees may at once sell and dispose of their property, or otherwise handle it, as they desire. (*Brenham* v. *Story,* 39 Cal. 179; *Smith* v. *Olmstead,* 88 Cal. 582, 12 L. R. A. 46, 22 L. R. A. 336, 26 Pac. 521; *Phelps* v. *Grady,* 168 Cal. 73, 141 Pac. 926.)

Assuming for the purpose of this argument only, that the [4] title to the real property in question was held by the two sons in trust for their father as the *cestui que trust,* is the possession of such property by the executors in their representative capacity during any period of the administration of the estate necessary for any of the purposes of administration? If there were debts of the estate, expenses of administration or family allowance to be paid, any of which would require that the rents and profits be applied thereto, or that

the property be sold to satisfy such objects, then there might be merit in appellants' contention, and it may be assumed that, if the record were in such a condition that it could be said that any character of an action should be brought by a representative of the estate, as such—that is, in their representative capacity—such a conclusion or finding would require that the present executors be removed, and someone appointed in their stead for that purpose, because it is obvious that they could not, as executors, sue themselves as individuals. The executors being entitled to the possession of all of the property of the estate for the purpose of administration, the question is then: Was possession required of this real property in question by them for any of the purposes of administration of the estate, such as the payment of debts, the expenses of administration, or family allowance?

For all that appears from the record, the estate may have had sufficient cash on hand or income-producing property, entirely ample without recourse to the property in question, for the purposes of paying the debts, if any, the expenses of administration, and the family allowance. But, so far as appears, there may not be any debts. If there are no creditors, or, there being creditors, the executors have sufficient assets of the estate in their hands to meet their demands without resort to the property in dispute, then there is not any reason why resort thereto should be forced.

It does appear from the inventory and appraisement that the property of the estate is inventoried at $245,114.87. If the possession of the property in dispute is not required by the executors for any of the purposes of administration, then why should they be removed for not doing that which the devisees themselves can do? For by section 10138 of the Revised Codes of 1921 "the heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to or for partition of the same, against any one except the executor or administrator." The phrase in

the section of the statute just quoted, "except the executor or administrator," refers to such persons in their representative capacity, and not to the persons who are executors for acts or transactions which involve them as individuals. The appellants who are seeking the removal of the executors for cause certainly should allege and prove every element necessary for the court to pass upon in determining whether sufficient grounds exist for the removal. This they did not do.

The question is not whether an executor has the right to bring such an action as may be contemplated by the appellants; it is whether these executors may be removed for not so doing where no necessity is shown to exist therefor. We do not hold that an executor or an administrator may not bring any action contemplated by either section 10138 or by section 10258, Revised Codes of 1921, without any showing of any necessity therefor for administration purposes. There are cases, particularly from California, from which our probate law is largely taken, holding that an executor or an administrator may bring an action for the recovery of the possession of real estate against any person whomsoever, including the devisees or an heir, without being required to show any necessity, for administrative purposes, for so doing. (*Rice* v. *Carey*, 170 Cal. 748, 151 Pac. 135.) What we do hold is that they cannot be forced to take such an action without some necessity in the administration of the estate being shown, for the law does not encourage useless litigation. The burden of allegation and of proof on the question of necessity properly rests on the party seeking to require action by the executors, or their removal for failure to act.

It is appellants' claim that the two brothers held the legal title, prior to the death of their father, in trust for him. If this be so, then, on his death, the title—then an equity—passed to his devisees the instant of his death. Upon his death they were clothed by operation of law with the same title to the property in controversy their father had. (*Smith* [5] v. *Olmstead, supra.*) That the devisees of a will may

bring any action that may be proper in order to either obtain possession of, or quiet title to, or to declare a trust in, any property which has been devised to them, against anyone except the executor or administrator in their representative capacity, is well settled. (*Janes* v. *Throckmorton*, 57 Cal. 368; *Field* v. *Andrada*, 106 Cal. 107, 39 Pac. 323; *Cook* v. *Elmore*, 25 Wyo. 393, 171 Pac. 261; *Larrick* v. *Heathman*, 288 Mo. 370, 231 S. W. 975; *Costello* v. *Cunningham*, 16 Ariz. 447, 147 Pac. 701.) Whether an executor or an administrator may bring an action to establish a trust in realty the court does not decide, as the determination of such a question is not necessary to a decision of this case. They certainly are neither necessary nor indispensable parties to any action brought by the heirs for that purpose. (Alexander on Wills, sec. 1742, and cases there cited.)

For the reasons given the order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

Rehearing denied January 2, 1923.