IN RE ESTATE OF GEORGE W. MATTINGLY.
JOSHUA COLEMAN ET AL., APPELLEES, v. CHARLES O. CROSTHWAITE, ADMINISTRATOR, APPELLANT: NORA MATTINGLY BURNHAM ET AL., INTERVENERS, APPELLANTS.

FILED DECEMBER 23, 1936.   No. 29720.

*Coufal & Shaw, Thomas & Thomas, Perry, Van Pelt & Marti, L. B. Fuller, Deutsch & Young* and *James E. Brittain,* for appellants.

*Crossman, Munger & Barton* and *John G. Pegg, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

Two cases with identical facts were consolidated and tried together in the district court. They will be so considered in this court.

This is an appeal from an order of the district court directing the administrator with will annexed of the estate of George W. Mattingly, deceased, to pay Blanche and Joshua Coleman the balance claimed due them on decrees on claims they had filed against said estate.

The Colemans in 1934 filed their applications before the county court of Butler county to require the administrator to distribute the sums claimed due them on the claims. The decision of the county court was adverse to claimants and they appealed to the district court of that county, where they prevailed.

The applicants in their petitions in the district court

alleged that prior to August 23, 1924, they filed claims against said estate; that upon such claims judgments were entered; that the claims were allowed in the sum of $3,150 each, and that $1,650 thereof had been paid to each petitioner; that the petitioners were entitled to the additional sum of $1,500 each and interest thereon from August 23, 1924; that said orders of the county court in 1924 were final; and that there was an ample amount in the hands of the administrator for the payment of said orders.

The administrator answered in substance that objections to said claims were filed by the administrator; that, by the agreement of the claimants and the court orders pursuant thereto $750 thereof was payable to each of such claimants only on the condition that the primary beneficiaries of the will consented to the payment of the same from their respective shares; that such beneficiaries had not only failed to consent thereto, but were objecting to the payment of the same; that the shares of said claims allowed, and not subject to the conditions that payments should not be made unless said beneficiaries consented, were directed to be paid by the county court and were fully paid and satisfied by said administrator, and said claimants and assigns have duly receipted for such payments and filed their receipts in the county court.

The appellants, Nora Mattingly Burnham *et al.*, intervened, and in their petition alleged in substance that the deceased died in 1924, and alleged the probate of his will; that such interveners were the children of Joseph Mattingly; that said Joseph Mattingly predeceased said testator; that said interveners had theretofore been determined by the district court to be the persons entitled to the fund provided in said will; that said petitioners filed their claims on July 24, 1924; that at the time of the death of said testator his estate had a value of approximately $100,000; that the greater portion of said estate was distributable to Charles W. Bennison and I. T. McCaskey, as residuary beneficiaries; that said applicants entered into a stipulation and agreement for the compromise of their claims; that pursuant

thereto said administrator consented to the rendition of decrees upon said stipulation, and in full faith and reliance upon said stipulation said administrator and said residuary beneficiaries did not prosecute objections to the said claims and that the said claims were disallowed as such and decrees entered according to the terms of said stipulation; that at all times subsequent to the rendition of said decrees, all parties to the said stipulation have construed the same, together with said decrees thereon, to provide for the payment of the sums therein designated from specific funds, and that the said applicants are estopped to now contend that the said decrees were ordinary judgments on claims, or that the sums therein determined were general charges against the assets of the estate; that with the belief that a large sum would be distributable to said residuary beneficiaries under the will, the administrator prematurely paid the sum of $1,650 to each of said applicants without knowledge of these interveners; that at the time of said payments said applicants knew that the administrator then had ample funds with which to pay the full amounts provided in said stipulation and decrees; that the said estate has since depreciated in value; that said interveners were not parties to said stipulation and were not present at the rendition of such decrees, and did not know of the death of said deceased until thereafter, and that they have never approved of said decrees so far as they attempted to charge their distributive shares, and that they have filed objections to the payment of any sums from said estate to their prejudice.

The interveners, Elias Mattingly *et al.*, filed answer alleging in substance the same as the other interveners.

For replies, claimants denied that the administrator consented to the allowance of the claims but opposed same, and denied that appellees relied on the stipulation; alleged that appellees were prevented from proceeding to enforce judgments claimed, due to continuous litigation involving the estate; that appellees' attorneys abandoned the case and advised appellees nothing could be done to collect balance of judgments due to prolonged litigation and that assets had

been impounded; that all interveners knew of appellees' claims and judgments in the year 1925, and took no steps to set same aside nor filed any objections thereto; that the county court of Butler county could only allow appellees' claims against the general assets of the estate; that the stipulation was a fraud on appellees' rights; that the stipulation was void, not authorized by statute and contrary to the statute of Nebraska, to wit, section 30-619, Comp. St. 1929; denied laches; alleged that the court exceeded its powers in conditioning the judgments with means of enforcement; that interveners were guilty of laches and now are estopped in resisting these judgments, and denied all other allegations of the answers.

As the dispute between the parties in this court hinges principally on the orders of the county court on said claims, and on the stipulation referred to in said orders, it seems necessary to set out a copy of the stipulation and a part of one order so that an intelligent understanding of the actual issues may be had.

On or prior to August 23, 1924, the parties entered into the following stipulation:

"In the County Court of Butler County, Nebraska.

"In the Matter of the Estate of George W. Mattingly, Deceased.

"Whereas, on June 13, 1924, Joshua Coleman filed a claim against the aforesaid estate in the sum of $9,600, which claim was later withdrawn and again reinstated and filed on the 24th day of July, 1924, and

"Whereas, on June 13, 1924, Blanche Coleman filed a claim against the aforesaid estate in the sum of $12,600, which claim was later withdrawn and again reinstated and refiled on the 24th day of July, 1924, and

"Whereas, I. T. McCaskey and C. W. Bennison are beneficially interested in said estate in that each is a beneficiary of the residue of said estate under the terms and provisions of the last will and testament of the said George W. Mattingly, deceased, which has been offered for probate; and

"Whereas, said claimants and said beneficiaries desire to

avoid litigation in the premises and to settle, adjust and compromise their differences;

"Now, therefore, it is stipulated and agreed between said claimants and said beneficiaries above named:

"(1) That an order may be made and entered by the county court of Butler county, Nebraska, having jurisdiction in the premises on the first claim day fixed by the order of that court allowing:

"(a) The sum of $3,300 of said claims to both of said claimants, and not to each, on the two claims of said claimants by treating said claims as a joint claim or the sum of $1,650 to each on the respective claim of each if said claims of the said Joshua Coleman and Blanche Coleman shall be treated as separate and several claims and that said allowance shall be a valid charge against that part of the estate of said George W. Mattingly, deceased, bequeathed to the said I. T. McCaskey and the said C. W. Bennison;

"(b) That in addition to the allowance of said aggregate sum of $3,300 as aforesaid there shall be made a further allowance to said claimants, an aggregate sum of $1,500 to said claimants jointly or the sum of $750 to each, which said allowance shall, however, be valid and enforceable only against the portion of said estate and the means thereby represented which is bequeathed in paragraph 6a of said will, and which allowance shall be enforceable against all persons now or hereafter entitled to such bequest, providing, however, that allowance shall not be valid or enforceable over the objection of the beneficiary, Joseph Mattingly, or over the objection of the children of said Joseph Mattingly if any such is made;

"(c) That in addition to the aforesaid allowance there shall be a further allowance to said claimants of an aggregate sum of $1,500 to said claimants jointly, or the sum of $750 to each which said allowance shall, however, be valid and enforceable only against the portion of said estate and the means thereby represented which is bequeathed in paragraph 6b of said will, and which allowance shall be enforceable against all persons now or hereafter entitled to

such bequest, providing, however, that allowance shall not be valid or enforceable over the objection of the beneficiary, Elias Mattingly, or over the objection of the children of said Elias Mattingly if any such is made;

"(2)    It is further expressly understood and agreed that the allowances provided for in said subparagraphs (b) and (c) shall not, in any event, be a charge on or be paid out of any other part or portion of the estate of which George W. Mattingly died seized save and except the bequests upon which it is made a specific charge and except as to the means represented by each of said bequests.

"(3)    That a suitable order of allowance, conforming to the terms of this stipulation, shall be made and entered into in this matter.

"(4)    That said claims and each of them shall be disallowed in all other respects save and except in the respects and to the extent that it is hereby stipulated and agreed the same may be allowed.

"(5)    And that in consideration of the agreements herein made said claimants and each of them release, relinquish and discharge said estate and each and all beneficiaries under said will from each and all other claims of every name and nature that each may now or hereafter assert and make, save and except in respect of the allowances which by this agreement are to be made.

"(6)    It is understood that said allowances are not in lieu of and do not affect any provision expressly made for the benefit of said claimants under the provisions of the last will of the said George W. Mattingly, deceased.

"(Signed) Coufal & Shaw, Attorneys for C. W. Bennison and I. T. McCaskey,

"Joshua Coleman,

"Blanche Coleman,

"F. H. Mizera, John Adams, Attorneys for Joshua Coleman and Blanche Coleman."

On the same day the county court made an order identical in form on each claim. The substance of the order on the Blanche Coleman claim is: Date of order given as August

23, 1924; names of the parties present, then the following finding: That the county court had jurisdiction; that the claimant was employed by the deceased; that the value of said services was $3,150; that the stipulation of the parties was fair and equitable and in all things approved by the court. Then follows four paragraphs setting out findings which are in the main the same as in the judgment proper of the order, which is hereinafter set out. The last finding is: "That said claim is hereby allowed in the sums, and under the conditions hereinbefore specified, and said claim is hereby disallowed in all other respects." The order then concludes:

"Wherefore, it is ordered, adjudged and decreed by the court:

"That the sum of $3,150 be, and the same is hereby allowed upon the claim of said Blanche Coleman, filed herein on the 13th day of June, 1924, and refiled on the 24th day of July, 1924, against the estate of said George W. Mattingly, deceased, to be a charge upon and paid in the manner and means hereinafter set out.

"That as to the method of payment of said sum and as to the portions of said estate against which the same or parts thereof shall be and constitute a valid charge and lien, the stipulation of I. T. McCaskey and C. W. Bennison, on the one part, and Blanche Coleman and Joshua Coleman, on the other part, is hereby adjudged to be fair, reasonable and controlling and just, and that such stipulation be, and the same hereby is in all things and in all its terms and provisions, approved by the court, is incorporated herein in its provisions verbatim, and made a part of this judgment and order of allowance.

"That of said sum of $3,150 heretofore allowed to claimant, the sum of $1,650 is hereby adjudged to be a valid charge against that part of the estate of said deceased, bequeathed to said I. T. McCaskey and C. W. Bennison.

"That the sum of $750 of said sum of $3,150 shall be and the same is hereby adjudged to be a valid charge against only that portion of said estate and the means thereby rep-

resented which is bequeathed in paragraph 6a of said will, and which allowance shall be enforceable against all persons now or hereafter entitled to such bequest, providing, however, that such allowance of $750 shall not be valid and enforceable over the objection of the beneficiary Joseph Mattingly, or over the objection of the children of said Joseph Mattingly, if any such is made." (The next paragraph is the same as the last, except it relates to Elias Mattingly's interest.)

"That said allowances mentioned in the last two preceding paragraphs of this decree shall not, in any event, be a charge on or be paid out of any other part or portion of said estate save and except the bequests upon which it is made a specific charge and except as to the means represented by each of said bequests.

"That said allowances shall draw interest at the rate of 7 per cent. per annum from this date until paid.

"By the Court. (Signed) W. W. Stowell, Acting Judge."

The appellants insist: That there is a variance with the decree of the county court based on the stipulation; that the decree of the county court on the claims was a final order and that the district court did not have jursdiction to modify or reverse the same; that the stipulation governed the judgment on claims and not said section 30-619; that the Colemans were guilty of laches and were estopped by acting under and accepting the stipulation for years and then attempting to change their status in 1934.

When the stipulation was entered into, it seems as though the claimants were represented by counsel who signed the same as did the claimants. Also the residuary legatees, McCaskey and Bennison, were represented by counsel, who signed the stipulation for them, and the same counsel represented the administrator.

By a careful examination of the record, we cannot find where there was an actual controversial hearing on the merits of the claims in the county court. The administrator had filed objections to the claims, amounting to $22,200. There was a delay apparently in an attempt to settle the

claims. Then there was a hearing on the claims and the Colemans testified as to their claims. The stipulation seems to have been presented to the court. All the parties in this court agree that the orders are final orders.

Thus, reduced to the last analysis, the question is: Did the county court under the aforesaid circumstances and facts have the power and authority to make the conditional orders on the claims? Incidental to this question is the question of laches and estoppel claimed by each against the other.

The appellees earnestly contend that the claims, being founded on services rendered the deceased and being disputed, were finally allowed in reduced amounts by the county court and that the county court must order them paid out of the general assets of the estate to the same extent as other creditors where no stipulation was had. They claim that section 30-619, Comp. St. 1929, so requires. This section is as follows:

"When the disputed claim shall have been finally settled, the court shall order the same to be paid out of the assets retained, to the same extent and in the same proportion as the claims of other creditors."

Appellees also contend that the county court exceeded its authority in stating in the orders on claims the method of their enforcement and making them chargeable to specific bequests; that the matter of allowance of claims was a purely legal proceeding and not equitable; that the judgments ended with the finding of amounts due claimants; that the stipulation was void and contrary to the statute, and that the parties thereto had no authority to bind the estate or the specific legacies, and the county court had no jurisdiction to incorporate the stipulation in the orders of the allowance of the claims; that the administrator and interveners were strangers to the stipulation and as such cannot avail themselves of the doctrine of estoppel against appellees; that the estate became bound for payment of these claims upon their allowance in August, 1924, when no appeal was taken.

Did the county court have authority and jurisdiction to incorporate the substance of the stipulation in its orders on the claims? If not, the orders are void. See 34 C. J. 130; 15 R. C. L. 643, sec. 86; *In re Estate of Kierstead,* 128 Neb. 654, 259 N. W. 740.

Proceedings for the settlement of estates in this state are largely statutory and in the absence of regulatory statutory provisions the trial court in such matters is governed by the rules of civil cases at law rather than equity. *In re Estate of O'Connor,* 117 Neb. 636, 222 N. W. 57; *Williams v. Miles,* 63 Neb. 859, 89 N. W. 451. This is so as to the allowance of claims against estates. *Nebraska Wesleyan University v. Craig's Estate,* 54 Neb. 173, 74 N. W. 605.

Although the county court, as a court of probate, has exclusive original jurisdiction as to all matters of probate, and in allowing claims it does so generally as in a civil law action, still the county court while so acting by virtue of its plenary powers in probate matters has power to try and determine matters of an equitable character in connection with such law matters and grant equitable relief to the same extent as the district court has in the exercise of its general equitable jurisdiction. *Williams v. Miles, supra; In re Estate of Frerichs,* 120 Neb. 462, 233 N. W. 456; *Youngson v. Bond,* 69 Neb. 356, 95 N. W. 700. A court exercising equitable powers may prescribe and supervise the manner of performance of its decrees. 1 Pomeroy, Equity Jurisprudence (4th ed.) p. 128; 21 C. J. 641.

The orders of the county court in the instant case were clearly in the nature of consent judgments. In 1 Freeman, Judgments, p. 170, the rule in such cases is stated thus:

"Ordinarily it is no proper part of a judgment at law to make provision for its enforcement. * * * Where, however, the contract on which it is based contained a valid waiver of exemptions or rights to which the debtor would otherwise be entitled, the judgment should doubtless contain corresponding directions, particularly where the statute so provides. So if the contract limits liability to specific property or a special fund, or contemplates that such a fund,

set aside for the purpose, shall be answerable for a breach, the judgment should contain a corresponding limitation, or subject the fund, as the case may be."

See *In re Estate of Vance*, 152 Cal. 760, 93 Pac. 1010.

When the cause came on for hearing in the county court on the allowance of claims, the objections by the administrator were still on file against these claims. The residuary legatees had a right to object to these claims, as they were interested as the allowance of the claims would affect the amount they would receive. 24 C. J. 388. The residuary legatees did not file objections, but their attorneys entered into a stipulation as to these claims as to the amount, nature and terms of payment. The administrator apparently pressed his objections no further, but his attorneys were present; no controversial hearing was had, but the claimants testified as to their claims and were represented by counsel, and the county court entered judgment on the claims, stipulation and evidence. The court had jurisdiction in the allowance of the claims and exercised its equity powers in connection therewith by impressing on certain legacies certain conditional liens in accordance with the stipulation. It was within power of the court to do so in the exercise of its equity powers in connection with a matter in which it had plenary power.

Under the Civil Code distinction between actions at law and suits in equity have to a great extent been abolished and equitable defenses may be interposed in law actions. In code states the courts sometimes enter judgments in accordance with the agreements of the parties. Freeman, Judgments, *supra*. This would seem an additional reason why the county court had authority to make the orders in question.

But is section 30-619 such that it cannot be waived? The general rule is stated in 60 C. J. 49, as follows:

"The benefit of a statute or constitutional provision enacted for the protection of a party, or of a rule of law, may be waived by him by stipulation where it is a matter of private right and no considerations of public policy or

morals are infringed by so doing, and, having once consented to forego his right, he cannot afterward assert it."

Section 30-619 appears to be for the benefit of claimants as to the entry of their claims by the probate court. There seems to be nothing in this section that the appellees could not waive. The waiver is not unreasonable, nor against public welfare or good morals. Appellees undoubtedly desired to avoid litigation and a contest of their claims. The same presumably may be said of the residuary legatees and the administrator. Stipulations are favored by courts. *City of Lincoln v. Lincoln Street R. Co.,* 67 Neb. 469, 93 N. W. 766. A fair and legal stipulation is binding on the parties and the court. 60 C. J. 69. Also, see *Rickenberg v. Capitol Garage,* 68 Utah, 30, 249 Pac. 121, 50 A. L. R. 1303; *McCormack v. Phillips,* 4 Dak. 506, 34 N. W. 54; 3 Freeman, Judgments, p. 2764.

The California supreme court, in *In re Estate of Vance, supra,* had before it a claim on a promissory note which provided payment by cash or stock in a corporation. The contention was that the probate court could only render a money judgment. Of this contention the court said:

"The contention that the probate court was without jurisdiction to make the order appealed from is, in a measure, answered by what has already been said. If the option reserved in the note was a right that passed to the estate, and was to be exercised by the executrix, it will hardly be questioned that the exercise of that option for the purpose of satisfying an approved claim was a matter to be passed on by the probate court. 'The objects of probate proceedings are to administer, settle and distribute the estate of deceased persons.' * * * The presentation, allowance, and payment of claims are subjects especially committed to the care of the probate court. * * * The order in question is to be regarded as an order for the payment of an allowed and approved claim. The appellant submitted itself to the jurisdiction of the court by presenting its claim, and it has no ground for complaint in that the court has made an order directing that it be paid in the manner provided by the contract which is the basis of the claim."

In the instant case the parties were not attempting to defeat the jurisdiction of the court, nor to do anything unlawful. Section 30-619 is not all-embracing and exclusive. Claimants simply waived their rights thereunder and adopted another method, which they had a right to do.

If the county court could only render a judgment for a definite amount in allowing the claims, regardless of the stipulation and agreement, which as far as this record is concerned was without fraud or over-reaching, and in face of the apparent fact that there was no controversial litigation at the time of the allowance of the claims, and that the decree was undoubtedly based in the main on the stipulation, should appellees be permitted to take the benefit of that part of the decree which was favorable to them and repudiate the remainder? We think not.

When the county court decrees provided "that said claim is hereby allowed in the sums, and under the conditions hereinbefore specified, and said claim is hereby disallowed in all other respects," it is surely as much of a disallowance of the claim as an allowance.

This case should not be confused with one where the decree covered matters not in the pleadings and was objected to at the trial, or contained matters absolutely void. In such cases the surplusage is a nullity. It would be unjust to permit the violation of the stipulation, under the conditions herein, to the county court as well as the appellants.

The appellees in 1926 filed motions asking the probate court for orders directing payment to them under the decrees of the sum of $1,650 each. No further action on the decrees was taken until these applications, which are the basis of this appeal, were filed in 1935. The appellees acquiesced in the mutual construction and interpretation of the decrees for a period of over eight years, and filed applications thereunder, and caused the other parties interested in this case to rely thereon, and they are estopped thereafter to claim a different construction. *Home Street R. Co. v. City of Lincoln*, 162 Fed. 133.

The appellees claim appellants are estopped in resisting

the orders as they are guilty of laches. Elias and Joshua Mattingly's status was established in 1935, and soon thereafter they filed objections to the allowance of the claims against their legacies. Claimants secured other attorneys and made application to change the decrees and charge the general estate with the payment of the residue of their claims. The assertion of estoppel by appellees is somewhat inconsistent with the contention that the original orders were a nullity. However, we are not deciding this question, but we do not think the appellants are in any way estopped.

On the other hand, the appellants also contend that the appellees were estopped because they acquiesced in these orders based on the stipulation and in a mutual interpretation thereof for over eight years and accepted the benefits thereof and caused the appellants to rely thereon, to thereafter claim a different construction. Their contention receives support in the *Home Street R. Co. v. City of Lincoln, supra.* 21 C. J. 690, puts the rule:

"Stipulations between the parties, or signed by the party to be bound, which are filed with the papers in the cause, may be considered in determining the true interpretation of a decree; and a party may be held to the practical construction which he has given to a decree."

To this contention appellees reply that as the administrator and interveners were strangers to the stipulation they cannot avail themselves of the doctrine of estoppel. This is undoubtedly the rule in estoppels *in pais.* 21 C. J. 1179; *City of Omaha v. Gsantner,* 4 Neb. (Unof.) 52, 93 N. W. 407. But in the instant case the orders were made in 1924, in an estate in which appellants are interested and in which they have a right to intervene, and in an estate in which an administrator has a right to contest claims being allowed against the general assets of the estate, and the orders were made which were based on a solemn stipulation to which the appellees were parties. Under these circumstances is mutuality required by the courts? Estoppel in such cases is not estoppel in the true sense of the word.

Assuming that the county court had no authority on which it made the orders for payment on condition of the claims, the claimants are in no equitable position to question the validity of the orders. They were instrumental with others in procuring the relief on the conditions of the stipulation and now ask the courts to repudiate the conditions, which by the stipulation they invited the court to incorporate in the orders. Courts will not permit litigants to so take an undue and unfair advantage, nor subsequently, in a collateral attack, to so set aside decrees of a court obtained at their instance, especially where the jurisdiction of the court has been invoked, without a showing of fraud, illegality, detriment to the public welfare or extreme injustice to the parties seeking to be relieved. None of these conditions exist in this case. The Kansas supreme court states the rule in *Bledsoe v. Seaman*, 77 Kan. 679, 95 Pac. 576:

"A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction, either of the subject-matter of the action or of the parties, is not important in such cases. Parties are barred from such conduct, not because the judgment obtained is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated. People who invoke the action of a court, and, through negligence or falsehood, mislead the court as to the existence of the facts upon which its jurisdiction depends, and obtain a judgment for relief, will not afterward be heard to deny the validity of such judgment."

Also, see *Matter of Morrisson*, 52 Hun, 102, 5 N. Y. Supp. 90; *Marvin v. Foster*, 61 Minn. 154, 63 N. W. 484. In 3 A. L. R. 535, there is a very instructive note on the question of a collateral attack on a judgment by a party at whose instance it was entered.

We believe the district court erred in its judgment re-

versing the decree of the county court and ordering the residue due on the claims to be paid from the general assets of the estate. The judgment of the district court is reversed, with instructions to enter judgment in accordance with this opinion.

REVERSED.