MURCH ET AL., RESPONDENTS, *v.* FELLOWS ET AL., APPELLANTS.

No. 8628

Submitted February 28, 1946. Decided March 29, 1946.

167 Pac. (2d) 842

Mr. A. H. Gray, of Great Falls, for appellant.

Messrs. Murch & Wuerthner, of Great Falls, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

This action was brought to foreclose an attorney's lien. The complaint alleges that defendant W. F. Fellows was appointed administrator of the estate of Robert Emmett Hamilton, deceased, on March 10, 1943; that prior to his death Hamilton was the owner of certain described real estate; that he left surviving him as his only heirs, his wife, defendant Laura Hamilton, and his daughter, Helen Hamilton Baxter, each of whom succeeded to an undivided one-half interest in his estate; that after the death of Robert Hamilton and on the 19th day of August, 1942, Laura Hamilton filed for record a deed dated August 18, 1942, purporting to have been executed by Robert Hamilton conveying the real estate in question to Laura Hamilton; that the deed was judicially determined to be null and void in an action brought by Helen Baxter against Laura Hamilton, defendant, and W. F. Fellows, administrator intervener; that these plaintiffs were employed by Helen Baxter to bring that action against Laura Hamilton after she refused to reconvey the property to the estate of Robert Hamilton.

Plaintiffs, after rendering the services in that action, filed their written notice of lien upon the property and brought this action to foreclose the lien.

They prevailed in the trial court and defendant Laura Hamilton has appealed from the judgment.

She does not question the reasonableness of the attorney's fee but contends that the lien therefor extends only to the one-half interest in the real estate which was found to belong to Helen Baxter and that the lien should not have been ex-

tended to cover the one-half interest in the property which belongs to her.

The statute providing for an attorney's lien is section 8993, Revised Codes, reading: "The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

From this section it will be noted that the lien of the attorney extends to "his client's cause of action" and attaches to the "judgment in his client's favor."

By statute in this state the administrator or the heirs or devisees may bring an action for the recovery of real property of the decedent. Sections 10258 and 10138. And see Lamont v. Vinger, 61 Mont. 530, 202 Pac. 769. If, as the court found in the case of Baxter v. Hamilton, the deed from Robert Hamilton to Laura Hamilton was null and void, then the title to the real property passed directly to the heirs, Helen Baxter and Laura Hamilton, in equal shares upon the death of Robert Hamilton. Section 7072, Rev. Codes; Rumney v. Skinner, 64 Mont. 75, 208 Pac. 895; In re Estate of Deschamps, 65 Mont. 207, 212 Pac. 512.

While either the heirs or the administrator may bring an action to recover real estate of the deceased, the cause of action and the relief granted is different in the one case than in the other. In the case of the heir each may recover only that part of the estate which passed to him upon the death of the deceased, or may have the title quieted to him as to the part of the estate passing to him upon the death of the decedent. As to the administrator, proceeding under section 10258 or 10138 he seeks to recover all of the real estate

and to hold it for the benefit of creditors of the estate. Compare 21 Am. Jur. "Executors & Administrators," sections 1007 and 1013.

Here the only relief that Helen Baxter was entitled to was a judgment awarding to her the right of possession of a one-half interest in the real property in the estate of Robert Hamilton, deceased, and a decree quieting title in her to a one-half interest therein. She had no right to a decree bringing the property into the estate for the benefit of creditors, particularly in the absence of allegation that the administrator refused to bring proper action for that purpose. Compare Becht v. Miller, 279 Mich. 629, 273 N. W. 294. Here there was no allegation that the administrator refused to bring the proper action. On the contrary, it affirmatively appears that the administrator intervened in the action.

The plaintiff's cause of action in the case of Baxter v. Hamilton and the judgment in plaintiff's favor therein could legally affect only a one-half interest in the real estate of Robert Hamilton, deceased. If the judgment did more than that it could be sustained only because the administrator had intervened and on that account the other one-half interest might have been brought into the estate for the benefit of creditors. The common fund doctrine referred to in the cases of In re Baxter's Estate, 94 Mont. 257, 22 Pac. (2d) 182, and In re Hamilton's Estate, 96 Mont. 551, 33 Pac. (2d) 258, has no application here.

Laura Hamilton did not benefit by the action. If the deed which she held was void, then upon the death of Robert Hamilton she became the owner of a one-half interest in his estate subject only to the payment of creditors' claims and costs of administration of the estate. Helen Baxter had no right to bring that one-half interest into the estate, unless, as stated above, the administrator refused to act.

The judgment should be modified so as to affect only the one-half interest in the real estate belonging to Helen Baxter. It is so ordered.

Mr. Chief Justice Johnson and Associate Justices Morris and Adair concur.

Mr. Justice Cheadle (concurring in result).

I concur in the result. Unfortunately the bill of exceptions is not before us, so we are in official ignorance of the nature of the cause of action, or other pleadings, in the case wherein the deed to Laura Hamilton was set aside. By statute it is against the client's cause of action that an attorney's lien attaches. Obviously respondents' client in that action was Helen Baxter, and not the defendants here. And by statute such lien seems to be dependent upon an agreement between attorney and client for compensation of the former for services performed by him for the client in the action. Since the defendants here were not respondents' clients, it is difficult to conceive any agreement between them and respondents for compensation in the first action. Attorneys' liens are governed by statute and must be interpreted by the provisions thereof.

Possibly under equitable doctrines the respondents might have established a claim for services, but it does not follow that any such claim would result in the creation of an attorney's lien against the estate's assets. The question of a claim of such nature is not involved.